OPINION
{¶ 1} Defendant-appellant Elmer J. Coffey appeals his conviction and sentence for one count of aggravated robbery in violation of R.C. §2911.11(A)(1), one count of aggravated burglary in violation of R.C. § 2911.11(A)(2), one count of kidnaping in violation of R.C. §2905.01(A)(2), one count of escape in violation of R.C. §2921.34(A)(1)(C)(2)(b), and one count of theft of a motor vehicle in violation of R.C. § 2913.02(A)(1).
 {¶ 2} On August 26, 2005, Coffey was indicted for all of the charges stated above as well as one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. §2925.041(A). A trial was held in this matter on December 13 and 14, 2005.
 {¶ 3} At the close of the State's evidence on December 14, 2005, the trial court sustained Coffey's motion to dismiss the count for illegal assembly of chemicals for the manufacture of drugs. On the same day, however, the jury rendered a guilty verdict with respect to the remaining counts in the indictment. On December 30, 2005, the trial court sentenced Coffey to nine years on the aggravated robbery count, nine years on the aggravated burglary count, four years on the kidnaping count, and five years on the escape count. With the sole exception of the sentence for the escape count, the trial court stated that the sentences for the remaining counts would run concurrently. The court ordered that the sentence for the escape count would run consecutively to the other sentences for an aggregate total of 14 years in prison. Coffey filed a notice of appeal on January 20, 2006.
 I {¶ 4} On June 27, 2005, Coffey was charged by complaint in the Municipal Court of Miami County with knowingly assembling or possessing one or more chemicals to manufacture methamphetamine, a schedule II controlled substance. While awaiting trial, Coffey and another inmate escaped from the Miami County Incarceration Facility on August 2, 2005.
 {¶ 5} That same day, Coffey broke into the home of Karen Frey, which was located approximately two miles from the jail. When Frey returned to her home for lunch that day, Coffey was still in the residence wielding a knife he had taken from the kitchen. Coffey approached Frey and told her that he was not going to hurt her but that he needed money. Coffey took Frey's credit cards, cash, and cell phone from her purse. Further, Coffey had Frey tell him how to open the garage door so that he could leave in her motor vehicle, a black Pontiac Grand Prix. Coffey then tied Frey up in her bedroom with a phone cord and left the residence in her Grand Prix. Frey was apprehended shortly after exiting Interstate-75 by police officers from Troy, Tipp City, Vandalia, and Hamilton County, Ohio. He was turned over to deputies from Miami County and escorted back to the Miami County Incarceration Facility.
 {¶ 6} After a jury trial, Coffey was convicted of aggravated robbery in violation of R.C. § 2911.11(A)(1), aggravated burglary in violation of R.C. § 2911.11(A)(2), kidnaping in violation of R.C. § 2905.01(A)(2), escape in violation of R.C. § 2921.34(A)(1)(C)(2)(b), and theft of a motor vehicle in violation of R.C. § 2913.02(A)(1). It is from this judgment that Coffey now appeals.
 II {¶ 7} Coffey's first assignment error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED WHERE IT FAILS TO MERGE A KIDNAPPING [sic] CHARGE WITH AN AGGRAVATED ROBBERY CHARGE, WHERE BOTH CHARGES ARE ALLIED OFFENSES OF SIMILAR IMPORT"
 {¶ 9} In his first assignment, Coffey contends that aggravated robbery and kidnaping are allied offenses of similar import and, therefore, he cannot be convicted of both crimes. As Coffey concedes, this issue was not raised before the trial court. Thus, he has waived all but plain error. State v. Long (1978), 53 Ohio St.2d 91, 95-96. An error that is waived by failure to object will not be noticed by a court of appeals unless it is plain error. Crim. R. 52(B). The court's power under Crim. R. 52(B) is discretionary. United States v. Olano (1992), 507 U.S. 725,113 S.Ct. 1770, 1777-1778.
 {¶ 10} The plain error doctrine represents an exception to the usual rule that errors must first be presented to the trial court before they can be raised on appeal and permits an appellate court to review an alleged error where necessary to prevent a manifest "miscarriage of justice." State v. Long (1978), 52 Ohio St.2d at 96. To prevail under a plain error standard, then, an appellant must demonstrate both that there was an obvious error in the proceedings and that but for the error, the outcome of the trial clearly would have been otherwise.State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044.
 {¶ 11} Before reaching the merits of Coffey's appeal, we must first, however, determine whether it is proper to adjudge this case utilizing a plain error analysis. Appellant notes in his brief that an inconsistency exists in the Second District in regard to whether it is plain error for a trial court to impose concurrent sentences for allied offenses of similar import.
 {¶ 12} In State v. Burch (September 29, 1995), Montgomery App. No. 14488, the defendant argued that kidnaping and felonious assault are both allied offenses of similar import with the offense of aggravated robbery. Thus, the trial court erred in convicting and sentencing him for the allied offenses of kidnaping and felonious assault in addition to aggravated robbery, when the three charges should have been merged into aggravated robbery. The defendant was convicted and sentenced on all three charges, and the trial court ordered the sentences for each charge to be served concurrently. As in the instant case, however, the defendant in Burch failed to raise an objection at the trial level on the issue of merger of the charges. The prosecution argued that the defendant waived the error since he failed to raise it in the trial court, and the error does not amount to plain error. We agreed with the prosecution in Burch and held that a "finding of plain error should be reserved for those occasions where there has been a manifest injustice to the defendant. In view of the fact that his sentences for these offenses are concurrent, we could not say that there has been a manifest injustice to Burch [the defendant], even if they are allied offenses ofsimilar import."
 {¶ 13} Three years later, however, in State v. Puckett (March 27, 1998), Greene App. No. 97 CA 43, we vacated a sentence that was set to run concurrently with another sentence of equal length, noting that a conviction based on an allied offense of similar import was plain error.
 {¶ 14} In the instant case, we choose to follow the holding inPuckett to the extent that we find that it is proper to engage in a plain error analysis in a case concerning alleged allied offenses of similar import even though the sentences for said offenses were to run concurrently. Clearly, a defendant's substantial rights are violated when he or she is convicted and sentenced for two felonies instead of just one, regardless of if the trial court orders concurrent sentences. Thus, we must now determine whether under the present facts it was plain error for the trial court to fail to merge the kidnaping charge with the charge for aggravated robbery as allied offenses of similar import.
 {¶ 15} R.C. § 2941.25, Ohio's allied offense statute, protects against multiple punishments for the same criminal conduct, which could violate the Double Jeopardy Clauses of the United States and Ohio constitutions. It provides as follows:
 {¶ 16} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 17} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where this conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted for all of them."
 {¶ 18} The Supreme Court of Ohio held that the elements of alleged allied offenses are to be compared in the abstract. State v. Rance
(1999), 85 Ohio St.3d 632, 710 N.E.2d 699, ¶ 1 of the syllabus. InRance, supra, the Supreme Court set out a two-part test to determine when convictions may be obtained for two or more allied offenses of similar import. In the first step, the elements of the offenses at issue are compared in the abstract to determine whether the elements correspond to such a degree that the commission of one offense will result in the commission of the other. Id. at 638. However, if a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both of them pursuant to R.C. § 2941.25(B). Id., State v. Jones (1997), 78 Ohio St.3d 12, 13-14,676 N.E.2d 80.
 {¶ 19} Coffey was convicted of aggravated robbery in violation of R.C. § 2911.01(A) (1 ), which states in pertinent part:
 {¶ 20} "No person, in attempting or committing a theft offense, as defined in R.C. § 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 21} "(1 ) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."
 {¶ 22} Coffey was also convicted of one count of kidnaping in violation of R.C. § 7 2905.01(A)(2), which states in pertinent part:
 {¶ 23} "No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 24} "(2) To facilitate the commission of any felony or flight thereafter."
 {¶ 25} In State v. Logan (1979), 60 Oho St.2d 126, 397 N.E.2d 1345, the Supreme Court compared the elements of the two statutes and held that implicit within any robbery is a kidnaping. Id. at 130. Thus, kidnaping and aggravated robbery are allied offenses of similar import, and Coffey may not be punished separately for these offenses unless he committed them with a separate animus.
 {¶ 26} Now, we reach the second step of the Rance analysis where we must determine whether the trial court should have merged Coffey's kidnaping conviction with his conviction for aggravated robbery. The word "animus" in R.C. § 2941.25 is defined as "purpose" or "immediate motive." Id. at 131. The issue then becomes whether Coffey committed the kidnaping of Frey with a separate purpose or immediate motive from that which he committed the aggravated robbery.
 {¶ 27} In Logan, supra, the Supreme Court of Ohio stated the following in what would become the second step of the Rance analysis:
 {¶ 28} "In establishing whether kidnapping [sic] and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. § 2941.25(B), this court adopts the following guidelines:
 {¶ 29} "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 {¶ 30} "(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."
 {¶ 31} After a thorough review of the underlying facts in this case, we find that Coffey's act of restraining Frey in her bedroom was merely incidental to the aggravated robbery. Nothing in the record demonstrates that there was any asportation of the victim, nor was she subjected to a greater risk of harm beyond that already created by the factors involved in the commission of the aggravated robbery. "When a person commits the crime of robbery, he must, by the very nature of the crime, restrain the victim for a sufficient amount of time to complete the robbery."Logan, supra at 131. The facts of this case clearly demonstrate that Coffey committed both offenses with a single animus, and the trial court erred in failing to merge the two offenses into the single offense of aggravated robbery.
 {¶ 32} Coffey's first assignment of error is sustained.
 III {¶ 33} Coffey's second and final assignment of error is as follows:
 {¶ 34} "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING THE MAXIMUM SENTENCE."
 {¶ 35} The Ohio Supreme Court determined that R.C. 2929.14(C),2929.14(E)(4) and 2929.41(A), pursuant to which Coffey was sentenced, are unconstitutional because they require judicial fact-finding before maximum or consecutive sentences are imposed, in violation of a defendant's Sixth Amendment right to a jury trial. State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. The Foster court severed the unconstitutional provisions from the felony sentencing scheme, and the Foster decision requires resentencing for cases pending on direct review. Id. Since Coffey received maximum consecutive sentences for escape, resentencing is required.
 {¶ 36} Coffey's second assignment of error is sustained.
 IV {¶ 37} In accordance with the above analysis, we vacate the sentence imposed, find the conviction on the kidnaping offense merges under R.C. § 2941.25 into the conviction for aggravated robbery, and remand the cause for resentencing.
BROGAN, J. and FAIN, J., concur.