OPINION
{¶ 1} Defendant-appellant Elmer Coffey appeals from a judgment of the trial court re-sentencing him in accordance with the mandate of this court in its opinion in State v. Coffey, 2007-Ohio-21, Miami App. No. 2006 CA 6. His assigned counsel has filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, indicating that he has found no potential assignments of error having arguable merit, and that this appeal is *Page 2 
wholly frivolous.
 {¶ 2} By entry filed herein on April 19, 2007, we allowed Coffey sixty days within which to file his own, pro se brief, should he so desire. He has not filed a pro se brief.
 {¶ 3} In accordance with Anders v. California, supra, we have independently reviewed the record. We have found no potential assignments of error having arguable merit.
 {¶ 4} As a result of Coffey's initial appeal, we ordered his Kidnapping conviction merged with his Aggravated Robbery conviction, and we remanded this cause for re-sentencing in accordance with State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. UnderFoster, the trial court had discretion to impose any sentence authorized by law, so long as it considered the principles of felony sentencing set forth in the statute. We have reviewed the transcript of the re-sentencing hearing, and it appears from the transcript that the trial court considered the principles of felony sentencing set forth in the statute.
 {¶ 5} The trial court imposed a sentence of nine years for Aggravated Robbery, nine years for Aggravated Burglary, and twelve months for Theft of a Motor Vehicle, with all of these sentences to be served concurrently. The trial court imposed a sentence of five years for Escape, with that sentence to be served consecutively to the other sentences, for an aggregate sentence of fourteen years. The sentence imposed is authorized by law, and we see no plausible argument to be made that the trial court abused its discretion in imposing this sentence.
 {¶ 6} In short, we conclude that there are no potential assignments of error having arguable merit, and that this appeal is wholly frivolous. The judgment of the trial *Page 3 
court is Affirmed.
 BROGAN and GRADY, JJ., concur. *Page 1