[Cite as *State v. Ewing*, 2011-Ohio-1981.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 23949 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CR-623/02 |
| v. | : | |
| | : | |
| DEMETRIUS L. EWING | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 22nd day of April, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
　　　Attorney for Plaintiff-Appellee

ADAM JAMES STOUT, Atty. Reg. #0080334, 2533 Far Hills Avenue, Dayton, Ohio 45419
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Demetrius Ewing appeals from his conviction and sentence for two counts of Aggravated Burglary, four counts of Kidnapping, five counts of Aggravated Robbery, and two counts of Felonious Assault, all with firearm specifications.

He was also convicted of three counts of Assault and one count of Having Weapons Under Disability. Ewing claims that his convictions should have been merged because they are allied offenses of similar import, committed with the same animus. He also argues that the trial court should have held a hearing on his motion to withdraw his guilty plea, and the motion should have been granted, because he pled guilty in reliance upon trial counsel's representation that the trial court had indicated that his sentence would fall in the range of 12 to 20 years. We conclude that because Ewing pled guilty, there is insufficient evidence in the record to determine whether there was a separate animus for each offense, and the trial court should have held a hearing on that issue. We conclude that the record does not support Ewing's contention that his plea was not knowingly and voluntarily entered, so that the trial court did not err in accepting that plea. On remand, the trial court is directed to consider Ewing's motion to withdraw his plea, which was pending when this appeal was taken, upon which he appears to be entitled to a hearing.

I

{¶ 2} In February, 2009, Ewing and his co-defendant burglarized a Huber Heights home. The men were both armed. They tied up and beat the four occupants, and shot one of them. One year later, Ewing pled guilty to two counts of Aggravated Burglary, four counts of Kidnapping, five counts of Aggravated Robbery, and two counts of Felonious Assault, all with firearm specifications. He also pled guilty to three counts of Assault and one count of Having Weapons Under Disability. In return for his plea, the State agreed to remove the repeat-violent-offender specifications attached to the first 13 counts. The trial court

sentenced Ewing to an aggregate term of 31 years in prison.

{¶ 3} Later that month, Ewing filed a motion to withdraw his guilty plea, claiming that he had been misled by the trial court and his defense attorney to believe that he would receive a substantially lesser sentence. Before the trial court ruled on the motion, Ewing filed this appeal.

II

{¶ 4} Ewing's Fourth Assignment of Error is as follows:

{¶ 5} "THE TRIAL COURT ERRONEOUSLY SENTENCED APPELLANT TO CONSECUTIVE AND CONCURRENT SENTENCES FOR KIDNAPPING AND AGGRAVATED ROBBERY."

{¶ 6} In his Fourth Assignment of Error, Ewing contends that the trial court erred in failing to merge his convictions for Kidnapping and Aggravated Robbery because they are allied offenses of similar import that were committed with the same animus. Because this issue was not raised in the trial court, Ewing has waived all but plain error. *State v. Long* (1978), 53 Ohio St.2d 91, 95-96, 372 N.E.2d 804; Crim.R. 52(B). Nevertheless, we have previously held that a trial court's failure to merge allied offenses of similar import constitutes plain error. *State v. Coffey*, Miami App. No. 2006 CA 6, 2007-Ohio-21, ¶14. See, also, *State v. Puckett* (March 27, 1998), Greene App. No. 97 CA 43. Here, the trial court failed to consider the merger issues.

{¶ 7} Revised Code 2941.25, Ohio's multiple count statute, provides:

{¶ 8} "(A) Where the same conduct by defendant can be construed to constitute two

or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 9}  "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 10} As we explained in *State v. Moore,* Greene App. No. 2010 CA 13, 2011-Ohio-636, the Ohio Supreme Court has recently clarified the process by which courts apply this statute in determining whether offenses are allied offenses of similar import.  State v. Johnson, 128 Ohio St.3d 153, 2010-Ohio-6314.  In *Johnson,* the Supreme Court overruled *State v. Rance,* 85 Ohio St.3d 632, 1999-Ohio-291, "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25. [Now w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered."   Id. at ¶44.

{¶ 11} The Supreme Court clarified as follows:

{¶ 12} "Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct.  Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

{¶ 13} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other offense with the same conduct, not whether it is possible to commit one *without*

committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." *Johnson,* 2010-Ohio-6314, at ¶¶47-48 (emphasis in original), citing *State v. Blankenship* (1988), 38 Ohio St.3d 116, 119 (Whiteside, J., concurring).

{¶ 14} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act committed with a single state of mind.'" Id. at ¶49, quoting *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, ¶50.

{¶ 15} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." Id. at ¶52 (emphasis in original).

{¶ 16} Under the circumstances of this case, the State has conceded that the trial court failed to address whether Ewing's Kidnapping and Aggravated Robbery convictions should have been merged prior to sentencing. "'[W]hen a defendant pleads guilty to multiple offenses of similar import and the trial court accepts the pleas, the trial court has a duty to conduct a hearing to determine whether the crimes were committed separately or with a separate animus for each offense prior to entering judgment sentencing the defendant.'" *State v. Jones* (April 10, 1998), Darke App. No. 97-CA-1435, quoting *State v. Mangrum* (1993), 86 Ohio App.3d 156, 158. Because Ewing pled guilty to the Kidnapping and Aggravated Robbery charges, the record is insufficient to determine whether a separate animus existed for

the commission of each offense. Accordingly, we conclude that the matter must be remanded to the trial court for a hearing on whether the offenses of Kidnapping and Aggravated Robbery were committed with the same animus, requiring merger of the convictions.

{¶ 17} Ewing's Fourth Assignment of Error is sustained, in part.


III

{¶ 18} Ewing's First Assignment of Error is as follows:

{¶ 19} "APPELLANT'S GUILTY PLEA WAS NOT MADE KNOWINGLY OR VOLUNTARILY BASED UPON HIS RELIANCE ON STATEMENTS MADE BY THE TRIAL COURT."

{¶ 20} Ewing's Second Assignment of Error is as follows:

{¶ 21} "APPELLANT'S GUILTY PLEA WAS NOT MADE KNOWINGLY OR VOLUNTARILY BASED UPON HIS RELIANCE ON STATEMENTS MADE BY APPELLANT'S TRIAL COUNSEL."

{¶ 22} Ewing's Third Assignment of Error is as follows:

{¶ 23} "THE COURT FAILED TO GRANT THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA AND FAILED TO GRANT A HEARING ON THE MATTER."

{¶ 24} In his first two assignments of error, Ewing maintains that the trial court abused its discretion in accepting his guilty plea. He insists that his plea was not knowingly or voluntarily entered because he relied upon his attorney's representation of statements made

by the trial court during an off-the-record, in-chambers discussion indicating that he would be sentenced in the range of 12 to 20 years. In his Third Assignment of Error, Ewing argues that the trial court should have held a hearing on his motion to withdraw his plea.

**{¶ 25}** A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice. Crim.R. 32.1; *State v. Harris,* Montgomery App. No. 19013, 2002-Ohio-2278, at ¶ 7, citing *State v. Smith* (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Consideration of "[t]he motion is 'addressed to the sound discretion' of the trial court." *Harris,* at ¶ 7, citing *Smith,* at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision under an abuse of discretion standard. *Harris,* at ¶ 7, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157. The abuse of discretion standard is defined as "'[a]n appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence.'" *State v. Boles,* Montgomery App. No. 23037, 2010-Ohio-278, ¶18, quoting Black's Law Dictionary, Eighth Edition (2004), at 11.

**{¶ 26}** After the trial court announced Ewing's 31-year sentence, both Ewing and his attorney objected to the length of the sentence and made futile attempts to explain on the record their expectation of a significantly lower sentence based upon the in-chambers discussion. Ewing was able to express his displeasure to some extent, but he was not able to explain the reasons behind it. When counsel tried to explain, the following took place:

**{¶ 27}** "MR. SKELTON: I will state for the record that what I did tell Mr. Ewing prior to coming in to plead was the discussions that we had in chambers and the range that – I understand –

**{¶ 28}** "THE COURT: No, no. I did not promise you anything and I want that clear on the record. I did not promise and I told nobody what the sentence was going to be.

**{¶ 29}** "MR. SKELTON: I understand that.

**{¶ 30}** "THE COURT: Do not –

**{¶ 31}** "MR. SKELTON: I understand that.

**{¶ 32}** "DEFENDANT EWING: Well, to my –

**{¶ 33}** "THE COURT: No, no, no.

**{¶ 34}** "DEFENDANT EWING: – understanding the range was 12 to 20 to my understanding.

**{¶ 35}** "THE COURT: Next case. Next case. I made no –

**{¶ 36}** "MR. SKELTON: I didn't say that you did.

**{¶ 37}** "THE COURT: I made no statement.

**{¶ 38}** "MR. SKELTON: I didn't say that you did. But I did tell my client –

**{¶ 39}** "THE COURT: No. Well, that's –

**{¶ 40}** "MR. SKELTON: – what was stated.

**{¶ 41}** "THE COURT: – what you did. But I did not state anything. There were no promises made by this Court.

**{¶ 42}** "MR. SKELTON: I understand that.

**{¶ 43}** "THE COURT: And that should be on the record.

**{¶ 44}** "MR. SKELTON: That is on the record.

**{¶ 45}** "THE COURT: Right.

**{¶ 46}** "MR. SKELTON: I just wanted –

{¶ 47} "THE COURT: Next case."

{¶ 48} In both his motion to withdraw his plea and on appeal, Ewing claims that during the final pre-trial conference, which took place less than two weeks prior to his plea, sentencing was discussed in the context of a potential guilty plea. The conference took place in chambers and was not recorded; Ewing was not present. The only information available in the record regarding the substance of the conference is found in an affidavit by Ewing's trial counsel attached to Ewing's motion to withdraw his plea. In that affidavit, counsel states although the State offered to agree to a sentencing range of 15-25 years, Ewing rejected the offer because the trial court had indicated that the sentencing range would be 12-20 years. Because the conference was not made part of the record below, and because the trial court refused to allow Ewing to make a full record of his objections at sentencing, the record before us cannot support Ewing's contention that his plea was not knowingly and intelligently made. Nevertheless, it appears that there may have been a serious misunderstanding regarding sentencing, which warrants a hearing on Ewing's motion to withdraw his plea.

{¶ 49} The trial court did not have an opportunity to rule on Ewing's motion to withdraw his plea due to the filing of this instant appeal. On remand, the trial court is directed to consider Ewing's motion to withdraw his plea, upon which he appears to be entitled to a hearing.

{¶ 50} Ewing's First and Second Assignments of Error are overruled. Ewing's Third Assignment of Error is overruled as premature, since the trial court has yet to rule on his motion to withdraw his plea.

IV

{¶ 51} Ewing's First and Second Assignments of Error having been overruled; his Third Assignment of Error having been overruled as premature; and his Fourth Assignment of Error having been sustained in part, that part of the judgment of the trial court convicting Ewing of four counts of Kidnapping and five counts of Aggravated Robbery, and sentencing him accordingly, is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for further proceedings consistent with this opinion, which shall include a hearing upon Ewing's motion to withdraw his plea, which remained pending when this appeal was taken.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ, concur.


Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Adam James Stout
Hon. Frances E. McGee