[Cite as *State v. Rogers*, 2012-Ohio-4451.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

STATE OF OHIO                          :

     Plaintiff-Appellee          :          C.A. CASE NO. 2011 CA 0057

vs.                                    :          T.C. CASE NO. 2011 CR 0060

STEVEN J. ROGERS                       :          (CRIMINAL APPEAL FROM
                                                  COMMON PLEAS COURT)

     Defendant-Appellant         :

. . . . . . . . .

# O P I N I O N

Rendered on the 28th day of September, 2012.

. . . . . . . . .

**Steven K. Haller, Prosecuting Attorney, by Elizabeth A. Ellis, Assistant Prosecuting Attorney, Atty. Reg. No. 0074332, 61 Greene Street, Xenia, Ohio 45385**
     **Attorney for Plaintiff-Appellee**

**Adrian King, Atty. Reg. No. 0081882, 36 North Detroit Street, Suite 104, Xenia, Ohio 45385**
     **Attorney for Defendant-Appellant**

**Steven J. Rogers, Inmate No. A613-650, London Correctional Institute, P.O. Box 69, London, Ohio 43140**
     ***Pro Se* Defendant-Appellant**

. . . . . . . . .

**GRADY, P.J.:**

{¶ 1}    In February 2011, Defendant Steven Rogers was indicted on one count of theft,

R.C. 2913.02(A)(3), a felony of the fifth degree, and one count of passing bad checks, R.C.

2913.11(B), also a felony of the fifth degree. Each offense was alleged to have occurred between January 22 and 27, 2011. The State and Defendant reached a plea agreement whereby Defendant pled guilty to both counts, and the State agreed not to pursue an additional charge of felony drug possession. In September 2011, the trial court sentenced Defendant to consecutive sentences of nine months for each count. The court ordered that the sentences be served concurrently with a sentence Defendant was serving for Fayette County. Defendant filed a timely notice of appeal.

{¶ 2} Appellate counsel filed an *Anders* brief, *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493 (1967), stating that he could find no potentially meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a *pro se* brief. Defendant has filed a *pro se* brief presenting one assignment of error for our review. This matter is now before us for a decision on the merits and our independent review of the record. Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 3} The only potential issue for appeal raised by Defendant's appellate counsel is whether Defendant's convictions were allied offenses of similar import. Counsel refers us to *State v. Jones*, 78 Ohio St.3d 12, 13, 676 N.E.2d 80 (1997), and concludes: "It appears that the Court and/or Defense Counsel believed that Defendant's offenses did not 'correspond to such a degree that the commission of one crime [resulted] in the commission of [the others].'"

{¶ 4} In his *pro se* brief, Defendant raises the following related assignment of error:

"THE TRIAL COURT COMMITTED PLAIN ERROR IN IMPOSING CONSECUTIVE SENTENCES FOR ALLIED OFFENSES OF SIMILAR IMPORT."

{¶ 5} At the sentencing hearing the trial court asked, "I presume we have discussed that these are not allied offenses?" The State responded, "Correct, Your Honor." (Tr. 11). Defendant did not object to this characterization, and he made no argument that his two convictions were allied offenses of similar import that must be merged. Defendant has therefore waived all error except plain error. *State v. Coffey*, 2d Dist. Miami No. 2006CA6, 2007-Ohio-21, ¶ 14. Failure to merge allied offenses of similar import is plain error. *State v. Coffey*; *State v. Fairman*, 2d Dist. Montgomery No. 42499, 2011-Ohio-6489, ¶ 56. To prevail under the plain error standard, an appellant must demonstrate both that there was an obvious error in the proceedings and that but for the error, the outcome of the trial clearly would have been otherwise. *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044.

{¶ 6} An appellant who argues that the trial court erred by not merging multiple offenses bears the burden to show not only that the offenses were allied offenses pursuant to R.C. 2941.25(A), but also that neither of the exceptions to merger of allied offenses in R.C. 2941.25(B) applies. *State v. Hale*, 2d Dist. Clark No. 11CA0033, 2012-Ohio-2662, ¶ 24. Defendant relies on *State v. Snyder*, 12th Dist. Butler No. CA2011-02-018, 2011-Ohio-6346.

{¶ 7} In *Snyder*, the defendant ordered building materials for which he paid with three separate checks, each of which was subsequently dishonored for insufficient funds. The defendant was convicted of three counts of passing bad checks and one count of theft by deception. The trial court imposed consecutive sentences for the four offenses. The court of appeals affirmed the consecutive sentences for the passing bad checks offenses because they

were committed separately. The court reversed the consecutive sentence imposed for the theft by deception offense, finding that it was an allied offense of similar import to the three passing bad check charges and that merger of the theft by deception offense was required by R.C. 2941.25, precluding the concurrent sentence the trial court imposed.

{¶ 8} In his *pro se* brief, Rogers contends that "[t]he *Snyder* case is on all fours with the instant case." (Brief, p. 2.). We do not agree. Critical to the appellate court's decision in *Snyder* was the fact that the indictment in that case alleged that all four offenses constituted a "continuing course of conduct." On that basis, the theft by deception charge was held to constitute the same conduct as the three passing bad check charges, requiring merger pursuant to R.C. 2941.25(A). The court further found that neither of the exceptions to merger in R.C. 2941.25(B) applied.

{¶ 9} We do not necessarily agree with the holding in *Snyder*. R.C. 2941.25(A) applies to "the same conduct by defendant," not to a course of conduct. Nevertheless, the holding in *Snyder* presents no basis for merger in the present case. The offenses of theft and passing bad checks to which Defendant Rogers pled guilty were charged in discrete counts in the indictment, and no continuing course of conduct in relation to the two offenses was alleged. The question remains whether they are allied offenses of similar import per R.C. 2941.25.

{¶ 10} We have a transcription of the plea and sentencing proceedings, but neither portrays the particular facts of the two offenses of which Defendant was convicted. In his *pro se* brief, Rogers contends: "Appellant stole a payroll check and cashed it." (Brief, p. 1.)

{¶ 11} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct * * * . If the offenses correspond to such a degree that the conduct of the defendant constituting one offense constitutes commission of the other, then the offenses are of similar import." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48.

{¶ 12} Defendant was convicted of theft, R.C. 2913.02(A)(3), which provides:

No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either property or services * * * [b]y deception.

{¶ 13} Defendant was also convicted of passing bad checks, R.C. 2913.11(B), which provides:

No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored or knowing that a person has ordered or will order stop payment on the check or other negotiable instrument.

{¶ 14} It is possible, in committing the offense of passing bad checks, to knowingly obtain control over the property or services of a person who provides the property or services in exchange for the bad check, when the actor has the purpose of depriving the owner of the property or services he provided. Because it is possible to commit the two offenses by engaging in the same conduct, R.C. 2913.02 and 2913.11(B) are allied offenses of similar import that must be merged pursuant to R.C. 2941.25(A). *Johnson*. The further issue is

whether merger is avoided in the present case per R.C. 2941.25(B) because the two offenses were committed separately or with a separate animus as to each.

{¶ 15} Defendant stole the payroll check in order to obtain cash or other value when he negotiated it. We see no separate animuses. However, his conduct in stealing the check was not the same conduct in which Defendant engaged when, as he described it, he "cashed it." The two offenses were therefore committed separately, and merger is avoided per R.C. 2941.25(B). Any claim to the contrary would be frivolous.

{¶ 16} Defendant's assignment of error is Overruled.

{¶ 17} In addition to reviewing the possible issue for appeal identified by Defendant's appellate counsel and the issue presented by Defendant *pro se*, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, this appeal is without merit and the judgment of the trial court will be Affirmed.

Froelich, J., and Hall, J., concur.

Copies mailed to:

Elizabeth A. Ellis, Esq.
Adrian King, Esq.
Steven J. Rogers, *Pro Se* Defendant-Appellant
Hon. Steven A. Wolaver