[Cite as *State v. Terrel*, 2015-Ohio-4201.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2014-CA-24 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2013-CR-408 |
| v. | : | |
| | : | (Criminal Appeal from |
| BRENDON TERREL | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of October, 2015.

. . . . . . . . . . .

PAUL M. WATKINS, Atty, Reg. No. 0090868, Miami County Prosecutor's Office, 201 West Main Street – Safety Building, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

JON PAUL RION, Atty. Reg. No. 0067020, and NICOLE RUTTER-HIRTH, Atty. Reg. No.0081004, Rion, Rion & Rion, L.P.A., Inc., 130 West Second Street, Suite 2150, Post Office Box 10126, Dayton, Ohio 45402
    Attorneys for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Brenden Terrel appeals from his conviction and

sentence for Aggravated Robbery, Aggravated Burglary, both first degree felonies, and a firearm specification. Terrel raises three assignments of error, arguing that the trial court erred by imposing maximum sentences, by failing to merge the two felony convictions, and by issuing an improper order for restitution. The State argues that no error occurred regarding restitution because no restitution was ordered in the case. The State also argues that Aggravated Robbery and Aggravated Burglary are not allied offenses of similar import and therefore should not be merged. Finally, the State contends that the maximum sentence was not contrary to law, and is not clearly and convincingly unsupported by the record.

{¶ 2} We conclude that the trial court did not order restitution and therefore no error occurred with regard to restitution. We also conclude that Terrel did not meet his burden of proving that a plain error occurred when the court failed to merge the offenses of Aggravated Burglary and Aggravated Robbery. Finally, we conclude that the sentence was not contrary to law or unsupported by the record. Accordingly, the judgment will be Affirmed.

## I. Terrel's Role as a Complicitor in the Aggravated Burglary and Aggravated Robbery Offenses

{¶ 3} At the time of the actions that led to his convictions for Aggravated Burglary and Aggravated Robbery, Terrel was 19 years old, and had recently been charged on three different occasions with possession of drugs and possession of drug paraphernalia, misdemeanor offenses. He also had a juvenile record for delinquencies related to drug and alcohol abuse. Terrel admitted that he regularly smoked marijuana, and that on the

day of the offense, he had spent most of the day hanging out with his brother and friends, smoking marijuana. Terrel claims that his 16-year-old friend, Patrick McGail, suggested that they rob a local drug dealer to obtain money and more drugs. Terrel texted another friend, Jason Sowers, who agreed to join them after he got off work at the Troy Country Club. While waiting for Sowers, McGail and Terrel went with Terrel's brother to go pick up a gun, and they returned to the home of Terrel's brother. Sowers picked them up in his car around 9:00 P.M., and he also had a gun. Sowers drove Terrel and McGail to the victim's house and supplied all three with masks to hide their identity. Terrel agreed to act as a lookout when McGail and Sowers entered the victim's home to rob him. Terrel walked around the house, while McGail and Sowers attempted to enter it. They regrouped when they discovered the house was locked, and made plans to break a window as a train passed, to block the noise. At this point, Terrel became nervous about his participation in the venture, so he left the vicinity and started walking away. Terrel was not present when McGail and Sowers gained access to the house, attempted to rob the victim, and shot the victim in the head. The victim later died at the hospital, leaving behind a fiancé and a 2-year-old son.

{¶ 4} Terrel cooperated with the police investigation, and agreed to testify against his accomplices in exchange for a plea agreement.

## II. The Course of the Proceedings

{¶ 5} Terrel was charged with one count of Complicity to Commit Aggravated Robbery, and one count of Complicity to Commit Aggravated Burglary, both felonies of the first degree, and both carrying a gun specification. Terrel waived his right to be

prosecuted by indictment, and consented to prosecution by information. Terrel agreed to enter a plea of no contest, and signed a written plea form informing him of the possible sentence and the possible fine for each of the two first-degree felonies and the gun specification. The plea agreement specifically stated that promises had been made, "with continued cooperation and testimony State will not pursue charge of conspiracy to commit Murder/Aggravated Murder; State will also recommend concurrent sentencing (except for gun specification). Both of Terrel's co-defendants were charged and convicted of Murder, in addition to Aggravated Burglary and Aggravated Robbery. Terrel did testify at the trial of co-defendant McGail. After the completion of the McGail trial, sentencing hearings were conducted for all three co-defendants.

{¶ 6} Prior to his sentencing, a pre-sentence investigation was completed, which included Terrel's criminal history, a summary of the facts that supported the offenses, a summary of sentencing factors, and numerous victim-impact statements. At the sentencing hearing, both of the victim's parents read their victim-impact statements. Terrel also made a statement to express remorse and to apologize to the victim's family. Prior to announcing sentence, the trial court stated:

> In determining sentence, the Court has considered the Pre-Sentence Investigation that was done, the defendant's statement here in open Court today, the statement from defendant's counsel, and also the statement from the Prosecuting Attorney, and also the joint recommendation for concurrent sentences. The Court has also taken into consideration the Victim Impact Statements that were read here in open Court today, as well as all the various Victim Impact Statements that were submitted but not read, as well

as also the statements that were submitted in support of the defendant, Brendon Terrel. The Court has read all of them and taken all of them into consideration.

The Court has considered the purposes and principles of the sentencing statute, which include the recidivism factors and the seriousness factors.

Transcript Sentencing Hearing at pgs. 16-17.

{¶ 7} At the sentencing hearing, the trial court found that the sentences for the two offenses would not merge after asking defense counsel if he had any argument to make about merger under R.C. 2941.25, and counsel responded "No" on the record. *Id.* at 17. The trial court then addressed Terrel as follows:

You've been convicted for being a willing accomplice to Aggravated Burglary and Aggravated Robbery. You're older than either of your co-defendants with whom you conspired to engage in high-risk criminal conduct that demonstrates a callous disregard for the lives of others. You knew that each of your co-defendants was armed with a deadly weapon, yet you freely got into the car with them and then you willingly went with them and walked around the house and served as a lookout before you left.

Your remorse, your acceptance of responsibility and your testimony that led to the conviction of a co-defendant are important. However, none of these factors alters the fact that you willingly assisted others in conduct that had the potential for and did end the life of an innocent human being, Nathan Wintrow, who had done nothing to provoke the con – provoke or

contributed to the events that resulted in his murder.

Transcript Sentencing Hearing at 18.

{¶ 8}  Terrel was sentenced to serve eleven years on count one for Aggravated Robbery, and eleven years on count two for Aggravated Burglary, plus three years for the gun specification. The two counts were not merged, but the sentences, not including the three-year sentence for the firearm specification (which by statute is required to be served consecutively) were ordered to be served concurrently. The final judgment entry imposing sentence confirms that the gun specification sentence must be served prior to and consecutively to the sentences for the two felonies. The sentencing entry does not contain any order of restitution. The entry further states,

> The Court has considered the record, oral statements, any victim impact statements and presentence report prepared. The Court has considered the purposes and principles of felony sentencing in ORC §2929.11 and the seriousness and recidivism factors in §2929.12.

{¶ 9}  From the judgment of conviction, Terrel appeals.

### III. The Standard of Review

{¶ 10}  Generally, a de novo standard of review is applied when reviewing an alleged error regarding a merger determination, *State v. Williams*, 134 Ohio St. 3d 482, 2012-Ohio-5699, 983 N.E. 2d 1245.  However, in the case before us, the effect of counsel's decision not to argue for merger resulted in a failure to preserve this issue for appellate review, although we may still review it for plain error. "We have found plain error when three elements are met: 1) there must be an error or deviation from a legal rule, 2)

that error must be plain, defined as 'an obvious defect in the trial proceedings,' and 3) the error must have affected a 'substantial right,' meaning the error must have affected the ultimate outcome, and a correction is needed to 'prevent a manifest miscarriage of justice.' " *State v. LeGrant*, 2d Dist. Miami No. 2013-CA-44, 2014-Ohio-5803, ¶ 9, citing *State v. Barnes,* 94 Ohio St.3d 21, 759 N.E.2d 1240 (2002).

**{¶ 11}** With respect to the issue raised regarding the length of the sentence, we are guided by the standard of review set forth in R.C. 2953.08(G)(2). *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.). "Under this statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it 'clearly and convincingly' finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Battle*, 2d Dist. Clark No. 2014CA5, 2014-Ohio-4502, ¶ 7. We have acknowledged that this is an "extremely deferential standard of review." *Rodeffer* at ¶ 31.

### IV. Terrel's Sentence Is Not Contrary to Law

**{¶ 12}** For his First Assignment of Error, Terrel asserts as follows:

THE TRIAL COURT ERRED IN IMPOSING MAXIMUM SENTENCES ON COUNTS 1 AND 2, DESPITE THE PRESENCE OF SEVERAL MITIGATING FACTORS AND TERREL'S ROLE IN THE OFFENSES.

**{¶ 13}** Terrel was convicted of two first-degree felonies, and ordered to serve the maximum sentence of eleven years for each offense. Pursuant to R.C. 2929.14 (A)(1), the trial court may impose a prison term ranging from three to eleven years for a first-

degree felony. The trial court accepted the party's plea agreement, and ordered Terrel to serve the two sentences concurrently. The additional three-year sentence for the gun specification is required to be served consecutively pursuant to R.C. 2929.14(C)(1)(a).

{¶ 14} " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. 'However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12.' *Id.*" *State v. Eicholtz*, 2d Dist. Clark No. 2012 CA 7, 2013-Ohio-302, ¶ 53.

{¶ 15} In the case before us, Terrel's eleven-year sentence was within the statutory range. Prior to imposing sentence, the trial court reviewed and considered the pre-sentence investigation, the defendant's statement, the statement of defense counsel, the statement from the State, and all the victim-impact statements. These documents provided the court with a sufficient basis to consider the sentencing factors outlined in R.C. 2929.11 and 2929.12. The trial court acknowledged Terrel's youth and his lack of recidivism factors, but these factors did not outweigh the seriousness of the offense because the victim was murdered. Even though Terrel was not charged with Murder, it was not error for the court to consider the seriousness of the harm that occurred during the course of, and as a foreseeable result of, the Aggravated Robbery and Aggravated Burglary offenses, as directed by the sentencing statutes, R.C. 2929.11 and R.C. 2929.12.

{¶ 16} Terrel also argues that the trial court failed to consider whether his sentence was "consistent with sentences imposed for similar crimes committed by similar

offenders" as required by R.C. 2929.11(B). Terrel suggests that his sentence was inconsistent with two recent cases in which the defendants were only sentenced to seven or eight years of imprisonment for convictions of Involuntary Manslaughter. As evidence, Terrel provided the termination entry in *State v. Spears,* Montgomery C.P. Case No. 2013-CR-2195 (Jan. 23, 2015) and *State v. Jordan*, Miami C.P. Case No. 08CR464C (April 29, 2009). "As explained by the Tenth District Court of Appeals, consistency in sentencing does not necessarily equate with uniformity, 'rather consistency has a goal of similar sentences for similar offenses.' " *State v. Mansley*, 2d Dist. Montgomery No. 26417, 2015-Ohio-2785, quoting *State v. Murphy*, 10th Dist. Franklin No. 12AP-952, 2013-Ohio-5599, ¶ 14, citing *State v. Battle*, 10th Dist. Franklin No. 06AP-863, 2007-Ohio-1845. The Franklin County appellate court explained:

> As a result, consistency includes a range of sentences, taking into consideration a trial court's discretion to weigh the relevant statutory factors. [*State v. Battle*]. Even though offenses may be similar, "distinguishing factors may justify dissimilar sentences." *Id.* at ¶ 24.
>
> In addition, consistency in sentencing does not result from a case-by-case comparison, but by the trial court's proper application of the statutory sentencing guidelines. *State v. Hall,* 179 Ohio App.3d 727, 2008-Ohio-6228, ¶ 10 (10th Dist.). An offender cannot simply present other cases in which an individual convicted of the same offense received a lesser sentence to demonstrate that his sentence is disproportionate. [*State v.*] *Hayes*, [10th Dist. Franklin No. O8AP-233, 2009-Ohio-1100] at ¶ 10, citing *Battle* at ¶ 23. Rather, to demonstrate that a sentence is inconsistent, an

offender must show that the trial court did not properly consider applicable sentencing criteria found in R.C. 2929.11 and 2929.12. [*State v.*] *Holloman*, [10th Dist. Franklin No. 07AP-875, 2008-Ohio-2650] at ¶ 19; *Battle* at ¶ 21–22.

*Murphy* at ¶ 14-15.

**{¶ 17}** As we concluded above, the record does support a finding that the trial court did properly consider the sentencing factors set forth in R.C. 2929.11 and 2929.12. Upon review of the record available to the trial court at the time of sentencing, we conclude that the sentence is neither contrary to law nor clearly and convincingly unsupported by the record. Terrel's First Assignment of Error is overruled.

## V. The Trial Court Did Not Commit Plain Error When it Failed to Merge the Aggravated Burglary and Aggravated Robbery Convictions

**{¶ 18}** For his Second Assignment of Error, Terrel asserts as follows:

THE TRIAL COURT ERRED IN FAILING TO MERGE COUNTS 1 AND 2 AS THESE ARE ALLIED OFFENSES OF SIMILAR IMPORT AND TERREL POSSESSED A SINGLE ANIMUS

**{¶ 19}** Initially, we note that Terrel forfeited all but plain error by failing to object at his sentencing hearing to the failure of the trial court to merge his convictions. *See State v. Rogers,* 2d Dist. Greene No. 2011 CA 0057, 2012-Ohio-4451, ¶ 5. However, failure to merge allied offenses of similar import is plain error. *Id.*; *State v. Bozeman*, 2d Dist. Clark No. 2014-CA-38, 2015-Ohio-616, ¶ 9.

**{¶ 20}** R.C. 2941.25, Ohio's allied offense statute, provides that:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶ 21}** "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, syllabus. The Supreme Court of Ohio explained:

* * * [T]he question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * *

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge. (Citations and quotations omitted.)

*Johnson* at ¶ 48–51.

{¶ 22} Although Terrel argues that his role in both of the offenses was simply to act as a lookout, Terrel was charged and convicted of Complicity to Commit Aggravated Burglary, and Complicity to Commit Aggravated Robbery. Pursuant to R.C. 2923.03(A)(2) and (3), complicity involves aiding and abetting another in committing the offense and conspiring with another to commit an offense, and "[w]hoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender." Therefore, for purposes of sentencing, the conduct of Terrel's co-defendants is imputed to Terrel, as if he was also a principal offender.

{¶ 23} As a principal offender or an accomplice, a conviction for Aggravated Burglary establishes a violation of R.C. 2911.11(A)(2), which provides in pertinent part that "[n]o person, by force, stealth, or deception, shall trespass in an occupied structure * * *with purpose to commit in the structure * * * any criminal offense, if * * * [t]he offender has a deadly weapon * * *." As a principal offender or an accomplice, a conviction for Aggravated Robbery establishes a violation of R.C. 2911.01(A)(1) which provides that

"[n]o person in attempting or committing a theft offense * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

{¶ 24} We have held that "Aggravated Robbery and Aggravated Burglary are often not allied offenses of similar import because they involve two separate crimes; entering into the premises by force, stealth or deception, and then committing a theft offense." *State v. Kay*, 2d Dist. Montgomery No. 25761, 2014-Ohio-2676, ¶ 21. "A burglary is complete upon entry into the victim's home, and a robbery subsequently committed inside the home constitutes a new, separate offense." *Id.,* citing *State v. Jackson,* 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 137. *See also State v. McClurkin,* 10th Dist. Franklin No. 11AP-944, 2013-Ohio-1140; *State v. Adams,* 1st Dist. Hamilton No. C–120059, 2013-Ohio-926. "Aggravated Burglary is complete upon an offender's entrance while the Aggravated Robbery requires additional conduct." *Kay* at ¶ 22.

{¶ 25} In the case before us, the record does not provide any detail regarding the sequence of events once Sowers and McGail left Terrel outside the victim's home and proceeded with their plan to gain entry into the victim's home and rob him. To prevail on a merger claim, the burden of proving entitlement to merger is on the defendant. *Kay* at ¶ 19, citing *State v. Jackson,* 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 134. We cannot make assumptions about what transpired inside the victim's home to speculate whether the burglary was complete before the robbery occurred, or whether the two offenses occurred at the same time. Therefore, Terrel has not met his burden of establishing that merger was required. Upon the record, we conclude that the trial court

did not commit plain error when it failed to merge the two offenses or failed to find that the two offenses were committed at the same time, with the same animus. Therefore, Terrel's Second Assignment of Error is overruled.

## VI. No Restitution Was Ordered

{¶ 26}  For his Third Assignment of Error, Terrel asserts as follows:

THE TRIAL COURT ERRED IN IMPOSING RESTITUTION WITHOUT ORDERING A SPECIFIC RESTITUTION FIGURE AT THE SENTENCING HEARING, IN THE TERMINATION ENTRY, AND WITHOUT HOLDING A HEARING.

{¶ 27}  Terrel argues that because the sentencing entry makes the following statement, restitution was wrongfully ordered:

The Defendant is ordered to pay any restitution, all prosecution costs, court appointed counsel costs and any fees permitted pursuant to R.C. 2929.18(A)(4).

{¶ 28}  However, neither the sentencing hearing, nor the sentencing entry contains any reference to a specific order for the payment of restitution.[1] Based on the record before us, we conclude that Terrel has no obligation to pay restitution, and therefore no error occurred. Terrel's Third Assignment of Error is overruled.

---

[1] The State asserts that the order to pay "any restitution" is boilerplate language in this trial court's sentencing entries, without regard to whether restitution has, in fact, been ordered.  We construe the reference, therefore, as being contingent upon the ordering of restitution, which was not ordered in this case.

## VII. Conclusion

**{¶ 29}** All of Terrel's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Paul M. Watkins
Jon Paul Rion
Nicole Rutter-Hirth
Hon. Christopher Gee