[Cite as *State v. Cobb*, 2014-Ohio-3530.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No. 13CA0087-M |
| --- | --- | --- |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SABRINA M. COBB | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 13 CR 0311 |

DECISION AND JOURNAL ENTRY

Dated: August 18, 2014

WHITMORE, Judge.

{¶1} Appellant, Sabrina Cobb, appeals from the judgment of the Medina County Court of Common Pleas, sentencing her to a 12-month prison term. This Court affirms.

I

{¶2} Cobb stole prescription oxycodone and fentanyl from her sister and brother-in-law's home in Pennsylvania. Cobb, then, negotiated with a friend to sell the drugs to him. In December 2012, Cobb sold 63 oxycodone tablets to the friend. The next month, Cobb again met her friend, who was accompanied by an undercover agent, and sold them 90 oxycodone tablets. The following month, Cobb sold 10 fentanyl patches to the same friend and undercover agent.

{¶3} Cobb was indicted for two counts of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1)/(C)(1)(a), which are felonies of the fourth degree. Cobb was also indicted for one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1)/(C)(1)(c), which is a felony of the third degree. At her arraignment, Cobb pleaded not guilty. She was

released on bond with conditions including that she enter into a substance abuse monitoring ("SAM") program.

{¶4} Following discovery, Cobb changed her plea to no contest. The trial court found her guilty of all charges and referred her to adult probation for a presentence investigation report. After reviewing the presentence investigation report and listening to Cobb and her counsel, the court sentenced Cobb to 12 months in prison for each count and ordered all three prison terms to run concurrently.

{¶5} Cobb now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO ADEQUATELY CONSIDER REQUIRED STATUTORY SENTENCING FACTORS IN IMPOSING A TOTAL PRISON SENTENCE OF TWELVE (12) MONTHS ON THE DEFENDANT, INSTEAD OF COMMUNITY CONTROL/PROBATION WHERE DEFENDANT HAD NO PRIOR FELONY RECORD, WHERE PRISON TERM(S) WERE NOT MANDATORY FOR HER NON-VIOLENT OFFENSES, SHE APOLOGIZED AND ACCEPTED RESPONSIBILITY FOR HER ACTIONS, AND SHE SUFFERS FROM SERIOUS HEALTH PROBLEMS WHICH ENDANGER HER LIFE UNLESS SHE RECEIVES PERIODIC MEDICAL CARE IN THE FORM OF BLOOD TRANSFUSIONS.

{¶6} In her sole assignment of error, Cobb argues that the trial court failed to consider the statutory sentencing guidelines and factors contained in R.C. 2929.11, 2929.12, and 2929.13. More specifically, Cobb argues had the court adequately considered the factors she would have been sentenced to community control. We disagree.

{¶7} In reviewing a felony sentence, this Court follows the two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. *E.g., State v. Shank*, 9th Dist. Medina No. 12CA0104-M, 2013-Ohio-5368, ¶ 31. First, we "examine the sentencing court's compliance

with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 26. If the sentence is not contrary to law, then we review the trial court's sentence under an abuse-of-discretion standard. *Id.* An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} In the present matter, Cobb was convicted of three counts of aggravated trafficking in drugs. Two of the counts were fourth-degree felonies, with a possible prison term from six to eighteen months. *See* R.C. 2929.14(A)(4). One count was a third-degree felony, with a possible prison term from nine to thirty-six months. *See* R.C. 2929.14(A)(3)(b). Cobb was sentenced to twelve months for each count, all to run concurrently. Cobb's sentence fell within the permitted statutory range and it is not contrary to law.

{¶9} We next examine whether the trial court abused its discretion in imposing a prison term, rather than community control. In analyzing whether a prison term is appropriate for a fourth-degree or third-degree felony drug violation of R.C. Chapter 2925, the court must look at the specific provision within that Chapter that was violated. R.C. 2929.13(E)(1). In this case, Cobb was convicted on two counts of violating R.C. 2925.03(A)(1)/(C)(1)(a) for her sales of oxycodone. R.C. 2925.03(C)(1)(a) directs that R.C. 2929.13(C) applies in determining whether to impose a prison term for these offenses. R.C. 2929.13(C) specifies that in determining whether to impose a prison term, "the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."

{¶10} Cobb was also convicted of aggravated trafficking in violation of R.C. 2925.03(A)(1)/(C)(1)(c) for her sale of the fentanyl patches. R.C. 2925.03(C)(1)(c) provides this

is a third-degree felony and "there is a presumption for a prison term for the offense." "[F]or a felony drug offense that is a violation of any provision of Chapter 2925 * * * for which a presumption in favor of a prison term is specified as being applicable * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(D)(1).

{¶11} Despite this presumption, the sentencing court may impose community control sanctions if it makes both of the following findings:

> (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
>
> (b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

R.C. 2929.13(D)(2).

{¶12} "[T]here is no requirement under R.C. 2929.12 that the trial court on the record provide an analysis of the factors it considered. Rather, pursuant to *Foster*, the trial court was simply required to *consider* these factors." (Emphasis sic.) *State v. Bigley*, 9th Dist. Medina No. 08CA0085-M, 2009-Ohio-2943, ¶ 14. "A silent record raises the presumption that the trial court considered the factors contained in R.C. 2929.12." *Id.*, quoting *State v. Adams*, 37 Ohio St.3d 295 (1988), paragraph three of the syllabus.

{¶13} In its sentencing entry, the trial court noted it considered the record, oral statements, the presentence report, and the principles and purposes of sentencing under R.C.

2929.11. The court specifically found "a prison term is consistent with the purposes and principles of sentencing in [R.C.] 2929.11." The record also reflects that the court considered the factors in R.C. 2929.12.

**{¶14}** Cobb argues that she should have been granted community control because she had no prior felony convictions, apologized, and has serious health problems.

**{¶15}** First, Cobb argues that she had no prior "felony record." The recidivism factors contained in R.C. 2929.12 do not distinguish between "felony" convictions[1] and others. Rather, pursuant to R.C. 2929.12(D)(2), the sentencing court shall consider whether the offender was "adjudicated a delinquent child" or "has a history of criminal convictions." *See also* R.C. 2929.12(E)(1) and (2). The record reflects that Cobb had been previously adjudicated a delinquent child and had a criminal conviction as an adult. In addition, Cobb had not led a law-abiding life for a number of years prior to the current offenses. *See* R.C. 2929.12(E)(3). The trial court observed that Cobb had a drug possession conviction in February 2012. Her current offenses arose out of drug sales occurring later that same year and in early 2013.

**{¶16}** The trial judge further noted Cobb's "adjustment to the SAM program was troubling." Not only did she test positive for marijuana, she denied having any drinking or drug problems. *See* R.C. 2929.12(D)(4). According to Cobb, she began using marijuana at age 13 and drinking at age 15. In 2010, she was assessed and diagnosed with cannabis and alcohol abuse, but after attending one or two meetings, she failed to complete treatment. In relation to

---

[1] We note whether an offender who is convicted of a non-violent, fourth-degree felony had been previously convicted of a "felony" offense would be relevant for determining eligibility for community control under R.C. 2929.13(B)(1)(a)(i). But R.C. 2929.13(B) is not applicable to Cobb's offenses. *See* R.C. 2929.13(E) and R.C. 2925.03(C)(1). Even if R.C. 2929.13(B) were applicable, Cobb would not necessarily qualify for community control because her most serious charge was a third-degree felony. *See* R.C. 2929.13(B)(1)(a)(ii).

the current offenses, the court observed that Cobb negotiated the price for which she would sell the drugs in a "very sophisticated way." Although Cobb's later drug tests in the SAM program were negative, we cannot say the trial court abused its discretion.

{¶17} Cobb further argues that she "apologized and accepted responsibility for her actions." As one factor indicating an offender is not likely to commit future crimes, "R.C. 2929.12(E)(5) requires an offender express '*genuine* remorse.'" (Emphasis sic.) *State v. Smith*, 9th Dist. Summit No. 26585, 2013-Ohio-4682, ¶ 26. At the sentencing hearing, Cobb stated, "I'm sorry. I know what I did was stupid and I'm willing to take ownership for it." After some discussion back and forth, the trial court stated, "I don't believe you. * * * It's really not taking ownership of this. It's really just another story." As "a reviewing court [we] must defer to the trial court as to whether a defendant's remarks are indicative of genuine remorse because it is in the best position to make that determination." *State v. Suarez*, 11th Dist. Geauga No. 2013-G-3167, 2014-Ohio-1350, ¶ 18, quoting *State v. Davis*, 11th Dist. Lake No. 2010-L-148, 2011-Ohio-5435, ¶ 15.

{¶18} Finally, Cobb argues that the trial court failed to address her "serious health problems as a mitigating factor in favor of community control." Cobb suffers from lupus, non-immune hemolytic anemia, and possibly bone marrow failure. As a result, she requires frequent blood transfusions. When Cobb initially informed the trial court of her health problems, the trial court did not ignore the issue but expressed concern regarding the impact her continued drug use might have on those medical conditions. At the sentencing hearing, the trial court again addressed her medical conditions stating that it was not a reason to "give her a pass." As noted by our sister districts, "a defendant's medical condition does not require the imposition of a

lesser sentence, since [her] medical needs can be met in the prison system." *Suarez* at ¶ 19, citing *State v. Martin*, 12th Dist. Butler No. CA2013-03-055, 2013-Ohio-3676, ¶ 25.

{¶19} Having reviewed the sentencing entry, change of plea and sentencing transcripts, and the presentence investigation report, we cannot conclude that the trial court abused its discretion in sentencing Cobb. Cobb's sole assignment of error is overruled.

III

{¶20} Cobb's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.