[Cite as *State v. Morefield*, 2014-Ohio-5170.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-71 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CR-0325 |
| v. | : | |
| | : | |
| EARROL D. MOREFIELD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of November, 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. #0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellant

SHAWNA YOFFE, Atty. Reg. #0090653, Office of the Ohio Public Defender, 250 East Broad Street, Columbus, Ohio 43215
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

PER CURIAM:.

{¶ 1}    Defendant-appellant Earrol D. Morefield appeals from his conviction and

sentence, following a jury trial, for Sexual Battery, in violation of R.C. 2907.03(A)(5), a felony of the third degree. Morefield contends that the trial court erred by failing to instruct the jury that penetration of the victim's vagina was an element of the offense that the State was required to prove beyond reasonable doubt, that the prosecutor "counseled the jury to convict [him] * * * even if no penetration actually occurred," that his conviction is against the manifest weight of the evidence, and that the trial court's imposition of a four-year sentence is "unsupported by any consideration of statutory factors on the record."

{¶ 2} We conclude that the trial court did instruct the jury that penetration was an element of the offense, that the prosecutor did not counsel, or otherwise urge, the jury to convict absent proof of penetration, and that the conviction is not against the manifest weight of the evidence. But we conclude that, upon this record, in which the only matters of fact addressed to the statutory purposes and principles of sentencing, and the statutory seriousness and recidivism factors, are arguments of the prosecutor at the sentencing hearing, unsupported by facts in the record, it appears that the trial court did not properly consider the statutory factors. Accordingly, Morefield's conviction is Affirmed, his sentence is Reversed, and this cause is Remanded for re-sentencing in accordance with this opinion.

## I. The Offense

{¶ 3} Morefield is the step-father of the victim, A.K., and lived in the same household with her for a number of years. A.K. was thirteen at the time of the offense.

{¶ 4} Although there were other witnesses at trial, only Morefield and A.K. could testify as to the touching constituting the offense. According to A.K., Morefield

uncharacteristically went outside to observe her feeding the family's chickens in a barn behind the house. This was in July, 2012. After she was done feeding the chickens, Morefield hugged her. According to A.K., Morefield then put his hand down her pants, and: "He took his fingers and put it in my vagina." A.K. denied having done or said anything to encourage Morefield's behavior. After about 40 seconds, Morefield withdrew his hand from A.K.'s pants.

{¶ 5} Morefield testified that A.K. had been in the habit, while scantily dressed, of masturbating in the house in front of the family, including two younger siblings. According to Morefield, he went out to the barn to confront A.K. about her behavior, which he found disturbing. He then testified:

> And I said, I'm going to ask her about this and what she's doing and why she's doing it in front of her sister and brother. I didn't tell anybody that, but that's what I was thinking, so we fed the chickens and started out of the barn. I went up to her and said, "[A.K.], what's going on with you? What were you doing in the chair? What's the matter? What's going on?" She said, "Well, [K.] told me I should shave and I'm itching." And she smirked at me.
>
> I said, "[A.K.], I think you were doing something else." She says, "No, I was not," and she smirked at me again. And spontaneously I walked up to her and put my hand around her and said, "[A.K.], you can't be doing that. You're lying to me."

And I stuck my hand in her pants. It was wet and I pulled my hand back out. And there was hair. She lied about shaving. And I told her afterwards, "[A.K.], you can't be doing that. What if you went to your friends [sic] house, your girlfriends [sic] house and you're acting that

way and her brother has friends over or something and it gets out of hand."

{¶ 6} Morefield denied having hugged A.K. before he put his hands down her pants. He specifically denied having inserted any part of his hand in her vagina.

{¶ 7} A.K. reported Morefield's act to her mother (Morefield's wife). Her mother advised A.K. to let her handle the matter. Nothing was done.

{¶ 8} About nine months later, after a fight with her mother, A.K. left the house and walked three miles to her sister's house. Concerned, A.K.'s mother called the sheriff's office, which led to a deputy arriving at A.K.'s sister's house, followed shortly by A.K.'s mother. A.K. was told that she might get into trouble as an unruly child. A.K. touched upon the incident nine months earlier after the deputy pointed out that it could be dangerous for a 13-year-old girl to be walking outside alone at night, telling the deputy, "it's too late." A.K. was taken downtown, and spoke to a detective in the sheriff's office, telling him what had occurred with her stepfather.

{¶ 9} That same evening, A.K.'s sister called Morefield. The call was recorded by the sheriff's office, and the recording is in evidence. When Morefield discussed the incident with A.K.'s sister, his account of it was consistent with his trial testimony.

{¶ 10} A.K.'s mother testified that some time after the incident, she discussed it with Morefield, whose account of what had happened was consistent with his trial testimony.

## II. The Course of Proceedings

{¶ 11} Morefield was charged by indictment with Sexual Battery, in violation of R.C. 2907.03(A)(5), a felony of the third degree, and with Gross Sexual Imposition, in violation of R.C. 2907.05(A)(1). Morefield was convicted of Sexual Battery, but acquitted of Gross Sexual

Imposition.

{¶ 12}   Morefield was sentenced to a four-year prison term for Sexual Battery.   From his conviction and sentence, Morefield appeals.

### III.   The Trial Court Did Instruct the Jury that
### Penetration Is an Element of Sexual Battery

{¶ 13}   Morefield's First Assignment of Error is as follows:

THE TRIAL COURT DENIED EARROL DAVID MOREFIELD'S RIGHT TO DUE PROCESS AND A FAIR TRIAL BY GIVING INCORRECT JURY INSTRUCTIONS, WHICH MISLED THE JURY TO BELIEVE HE SHOULD BE CONVICTED OF SEXUAL BATTERY EVEN IF NO PENETRATION ACTUALLY OCCURRED, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16, OF THE OHIO CONSTITUTION.

{¶ 14}   Sexual Battery, in violation of R.C. 2907.03(A)(5), is the engaging in sexual conduct with another when the offender occupies one of certain relationships to the victim that includes being the victim's stepparent.   That Morefield was A.K.'s stepfather was undisputed. The determinative issue was whether he had engaged in sexual conduct with A.K.   "Sexual conduct" includes "the insertion, however slight, of any part of the body * * * into the vaginal or anal opening of another."   R.C. 2907.01(A).   Thus, penetration is an element of the offense that the State was required to prove.

{¶ 15}   By contrast, Gross Sexual Imposition, the offense of which Morefield was

acquitted, does not require penetration – mere touching of a specified body part may suffice, but only if it is done for the purpose of sexually gratifying or arousing the offender or the victim. R.C. 2907.01(B).

{¶ 16} Morefield contends that the jury was not instructed that penetration was an element of the offense of which he was convicted. The record indicates otherwise. The trial court instructed the jury that before it could find Morefield guilty of Sexual Battery, it must find beyond reasonable doubt that he engaged in sexual conduct with the victim within the time-frame charged in the indictment, when he was the victim's stepparent. The trial court then instructed the jury that:

> Sexual conduct means, without privilege to do so, the insertion, however slight, of any part of the body into the vaginal opening of another. Penetration, however slight, is sufficient to complete digital vaginal penetration.

{¶ 17} Shortly thereafter, the trial court instructed the jury that:

> Digital vaginal penetration *for the purpose of sexually arousing or gratifying either person* is not an essential element of sexual battery. (Emphasis added.)

{¶ 18} No objection was made to this instruction, which we construe to have been an instruction that digital vaginal penetration need not have been for the purpose of sexually arousing or gratifying either person to constitute Sexual Battery.

{¶ 19} By contrast, in instructing the jury on the elements of Gross Sexual Imposition, Count II of the indictment, the trial court properly instructed the jury that sexual contact, as an element of that offense, must be for the purpose of sexually arousing or gratifying either person.

{¶ 20} Morefield argues that by having instructed the jury on the mental culpability state of recklessness, in connection with the Sexual Battery charge,[1] the trial court left the jury with the impression that if, by his act, Morefield recklessly exposed his victim to the possibility of digital penetration of his victim's vagina, without penetration actually having occurred, he would be guilty of Sexual Battery. We are not persuaded by this argument. The trial court unequivocally instructed the jury that sexual conduct is an element of Sexual Battery, and that sexual conduct meant the digital penetration of the victim's vagina. These instructions would lead a reasonable jury to conclude that digital penetration, not the mere *risk* of digital penetration, was an element of the offense that the State was required to prove beyond reasonable doubt.

{¶ 21} If we were to accept Morefield's argument, then we would necessarily conclude that in any prosecution in which an instruction on the mental culpability state of recklessness is given, a jury would likely be misled, despite clear instructions to the contrary, that the actual commission of the criminal act need not be proven, so long as the offender is shown to have recklessly exposed a victim to the risk of commission of the criminal act. This we are not prepared to conclude. A reasonable jury can be expected to understand the distinction between the criminal act and the mens rea required for the offense.

{¶ 22} Morefield also complains that written jury instructions were not submitted to the jury, as required by Crim.R. 30(A). It is true that there is nothing in the record to reflect that the jury was given written jury instructions. But Morefield did not object to the trial court's failure

---

[1] In his brief, Morefield contends that penetration is a strict-liability element of the offense. But he does not complain, nor would we expect him to, that the State was required to prove a mental culpability state that it ought not to have been required to prove. Accordingly, we take no position, in this appeal, whether the element of penetration, in a Sexual Battery prosecution, is a strict-liability offense.

to have provided the jury with written instructions, at a time when this failure could have been cured. Therefore, this error is governed by the plain-error standard of review. *State v. Williford*, 49 Ohio St.3d 247, 252, 551 N.E.2d 1279 (1990). The jury was instructed that it could submit questions during its deliberations; it had no questions. We conclude that the failure to have provided the jury with written instructions was unlikely to have affected the outcome of the proceedings; therefore, no plain error occurred.

{¶ 23} Morefield's First Assignment of Error is overruled.


**IV.  The Prosecutor Did Not Counsel the Jury to Find Morefield**

**Guilty of Sexual Battery Even if No Penetration Occurred**

{¶ 24} Morefield's Second Assignment of Error is as follows:

THE PROSECUTION'S MISSTATEMENTS OF THE LAW IN CLOSING ARGUMENT, WHICH COUNSELED THE JURY TO CONVICT EARROL DAVID MOREFIELD OF SEXUAL BATTERY EVEN IF NO PENETRATION ACTUALLY OCCURRED, VIOLATED HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶ 25} Morefield predicates this assignment of error upon the following remark during the State's closing argument:

When your intent even in his own mind, if your intent is to stick your hand down a thirteen-year-old's pants forcibly to see if she is wet, you're reckless that you may, in fact,

penetrate however slightly her vaginal cavity. And again, when he had pulled out his hand, he admitted that his hand was wet, ladies and gentlemen.

**{¶ 26}** Morefield construes this statement, to which no objection was interposed, as an argument that the jury should convict him if he was reckless, whether or not any penetration occurred. We disagree. The State was responding to Morefield's testimony and argument that his motives were benign, and to the necessity that it prove that Morefield was reckless. This is clear from the passage in the State's closing argument immediately following the above-quoted passage:

> I would submit to you that he did it with sexual motivation. I would submit to you that he did it for many seconds. But even if you find that he was reckless when he stuck his hand down her pants *and only penetrated her a second* and got his hand wet and pulled it out, he's still guilty of sexual battery. (Emphasis added.)

**{¶ 27}** From the italicized portion of the above-quoted passage, it is clear that the State accepted that it had to prove penetration, however slight, and was arguing to the jury that even if Morefield did not intend to penetrate the victim's vagina, if penetration occurred as a result of recklessness on his part, he would still be guilty of Sexual Battery. We find no fault with this argument, which was responsive to Morefield's position that his motives were benign.

**{¶ 28}** Morefield's Second Assignment of Error is overruled.


## V. Morefield's Conviction Is Not Against the Manifest Weight of the Evidence

**{¶ 29}** Morefield's Third Assignment of Error is as follows:

> EARROL DAVID MOREFIELD'S SEXUAL BATTERY CONVICTION
>
> IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN

VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

**{¶ 30}** A.K. testified, unequivocally, that Morefield, her stepfather, digitally penetrated her vagina. From her testimony, it is clear that this was highly offensive to her, and certainly not consensual. Morefield testified that although he touched her pubic area, he did not penetrate her vagina. The jury evidently credited A.K.'s testimony, not Morefield's, as to the issue of penetration.

**{¶ 31}** Although an appellate court conducting a weight-of-the-evidence review sits as a "thirteenth juror," weighing the evidence and all reasonable inferences, the determination of which witnesses giving conflicting testimony to credit is primarily for the finder-of-fact, who has seen and heard the witnesses. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4.

A reviewing court considering a manifest-weight claim "review [s] the entire record, weighs the evidence and all reasonable inferences, [and] considers the credibility of witnesses." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717. The question for the reviewing court is "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction." *Id. See* [*State v.*] *Thompkins*, 78 Ohio St.3d [380,] 387, 678 N.E.2d 541 [(1997)].

*State v. Group*, 98 Ohio St.3d 248, 2002-Ohio-7247, 781 N.E.2d 980, ¶ 77.

{¶ 32}   In our view, this is not the rare case where a jury lost its way.   The jury may well have believed Morefield's testimony that his purpose for putting his hand down A.K.'s pants was not for sexual arousal or gratification, since that would explain the jury's verdict acquitting Morefield of Gross Sexual Imposition.   The one major conflict in the testimony was whether Morefield penetrated A.K.'s vagina while conducting his spontaneous examination.   Both parties made cogent arguments to the jury on this point.   Morefield admitted that he had acted unwisely in examining A.K.'s pubic region without his wife, or A.K.'s older sister, being present.   The jury may have concluded that Morefield's impulsive examination included probing the inside of A.K.'s vagina.   We cannot say that the jury lost its way, or that the evidence in this case weighs heavily against conviction.

{¶ 33}   Morefield's Third Assignment of Error is overruled.

## VI.   The Record Fails to Demonstrate that the Trial Court Considered the Statutory Purposes and Principles of Sentencing, and the Statutory Seriousness and Recidivism Factors

{¶ 34}   Morefield's Fourth Assignment of Error is as follows:

THE TRIAL COURT'S IMPOSITION OF A 4-YEAR SENTENCE WAS UNSUPPORTED BY ANY CONSIDERATION OF STATUTORY FACTORS ON THE RECORD.

{¶ 35}   The sentence imposed, four years, is one year less than the maximum sentence that the trial court was authorized by statute to impose.   In sentencing an offender for a felony, a trial court is required to consider the purposes of felony sentencing.   R.C. 2929.11(A).   A trial court is also required to consider statutory seriousness and recidivism factors.   R.C. 2929.12(A).

The trial court has discretion in selecting the appropriate sentence. *Id*.

{¶ 36} As Morefield notes, the trial court did not refer to the statutory sentencing purposes, principles, and factors at the sentencing hearing when it imposed sentence. In its judgment entry, however, the trial court does recite that it considered the statutory sentencing purposes, principles, and factors. As Morefield also notes, "[a] silent record raises the presumption that the trial court considered the factors contained in R.C. 2929.12." Morefield's brief, p. 14, quoting *State v. Rutherford*, 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶ 34. *See also State v. Adams*, 37 Ohio St.3d 295, 297-298, 525 N.E.2d 1361 (1988); *State v. Carlton*, 2d Dist. Montgomery No. 26086, 2014-Ohio-3835, ¶ 18.

{¶ 37} Morefield complains that the trial court's failure to have articulated its consideration of the statutory factors deprives him of the opportunity to know what the trial court's findings were. But the trial court did have the benefit of statements by both Morefield, personally, and the State before it imposed sentence. Morefield pointed out that he had never been in trouble before, and that he had "been in these children's lives since they were three," while understanding that what he did was wrong.

{¶ 38} The State made the following statements:

When looking at the factors, we believe that the mental injury caused to this victim was exasperated [sic] because of her young age, which she did suffer from serious psychological harm and the defendant's relationship in this matter facilitated the offense; and we believe that a prison term would be consistent with the purposes and principals [sic] set forth entered [sic] by 2929.11 and that this defendant is not at this time amenable to community control sanctions, Your Honor.

When you look at this case and I can't speak for the victim in this matter other than to say

that her life is obviously at this point never going to be the same. We had a trial here where obviously there was sides. We had a now thirteen-year-old victim who sat in this courtroom with some of her family while her mother[2] and other parts of her family sat on the opposite side of the courtroom. Her life subject to the actions of this individual are never going to be the same for her.

Her life, her family's life, everybody involved in this matter, life has now changed and will never be the same because of the hands of Mr. Morefield. We believe that prison in this matter is necessary and also appropriate. Thank you, Your Honor.

**{¶ 39}** Although the trial court's judgment entry recited that the purposes and principles of sentencing had been considered, the only mention of any factors at the sentencing hearing was by the prosecutor. The prosecutor stated that:

- the child suffered "mental injury" and "serious psychological harm," which was "caused" by the defendant and was exacerbated because of her young age.

- her life has changed forever and "will never be the same because of the hands of Mr. Morefield."

**{¶ 40}** All this may be true and, from a subjective point of view, we have no reason to doubt it. Our concern is that nothing the prosecutor said was reflected in the record (and there was no pre-sentence investigation report). The law does not allow a trial court to take judicial notice of the effect of a particular act upon a particular individual, and assertions of fact in a prosecutor's argument, unsupported by the record, should not be considered in sentencing.

---

[2] Although A.K.'s mother testified for the State, her testimony appeared in many respects to be more sympathetic to Morefield, her husband, and less sympathetic to her daughter, the victim.

{¶ 41}    When the record is silent, we presume that the trial court considered the statutory purposes, principles, and factors in the sense that an appellant always has the burden of showing that the court erred.   The only times we have reversed a sentence is when there is evidence in the record which contradicts the court's findings, conclusions, or both.   *See, e.g., State v. Nichols*, 195 Ohio App.3d 323, 2011-Ohio-4671, 959 N.E.2d 1082.

{¶ 42}    Here, the only record is one in which the prosecutor makes statements that go directly to factors the trial court is required by statute to consider.   For example, in determining whether an offender's conduct is more serious than normally constituting the offense, the trial court must consider whether "the physical or mental injury * * * was exacerbated because of the physical or mental condition or age of the victim."   R.C. 2929.12(B)(1).   Another consideration is whether "the victim * * * suffered serious physical [or] psychological * * * harm as a result of the offense."

{¶ 43}    We are, therefore, left with a negative-pregnant silent record, which is pregnant with the possibility that the court considered and accepted the prosecutor's conclusory allegations.   We sustain Morefield's Fourth Assignment of error, and remand for the trial court to state its considerations explicitly on the record.


## VII.   Conclusion

{¶ 44}    Morefield's Fourth Assignment of Error having been sustained, and his other assignments of error having been overruled, his sentence is Reversed, and this cause is Remanded for re-sentencing in accordance with this opinion.   The judgment is otherwise affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., and DONOVAN, J., concur.

. . . . . . . . . .

Copies mailed to:

Ryan A. Saunders
Shawna Yoffe
Hon. Douglas M. Rastatter