[Cite as *State v. Morefield*, 2015-Ohio-4713.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2015-CA-4 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2013-CR-325 |
| v. | : | |
| | : | (Criminal Appeal from |
| EARROL MOREFIELD | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of November, 2015.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

ADRIAN KING, Atty. Reg. No. 0081882, Adrian King Law Office, LLC, Post Office Box 302, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Earrol Morefield appeals from his sentence for sexual battery. This is Morefield's second appeal. In his first appeal, we remanded the cause for resentencing. Morefield argues that the trial court failed to follow our mandate on remand, necessitating another remand for resentencing. We agree that the trial court failed to comply with our mandate to "state

its considerations [of the statutory sentencing factors] explicitly on the record." *State v. Morefield*, 2014-Ohio-5170, 24 N.E.3d 633, ¶ 43 (2d Dist.). Accordingly, Morefield's assignment of error is sustained, and we exercise our authority under R.C. 2953.08(G)(2) to modify his sentence to a two-year term of imprisonment.

## I. The Course of Proceedings

{¶ 2} Morefield was charged by indictment with Sexual Battery, in violation of R.C. 2907.03(A)(5), a felony of the third degree, and with Gross Sexual Imposition, in violation of R.C. 2907.05(A)(1). Morefield was convicted of Sexual Battery, but acquitted of Gross Sexual Imposition. Morefield was sentenced to a four-year prison term for Sexual Battery. From his conviction and sentence, Morefield appealed, raising four assignments of error. We overruled three assignments of error, and sustained the assignment of error contending that the trial court's imposition of a four-year sentence was unsupported by any consideration of statutory factors on the record. *State v. Morefield*, *supra*. We affirmed Morefield's conviction, reversed the sentence, and remanded the cause for resentencing. Our remand directed the trial court to "state its considerations explicitly on the record." *Id*. at ¶ 43.

{¶ 3} At the re-sentencing hearing, the trial court allowed defense counsel to make a statement in which he emphasized Morefield's lack of any prior criminal record or juvenile delinquencies, no pattern of drug abuse, and no factors indicating that recidivism was likely. The court also permitted Morefield to make a statement regarding his remorse and regret for his actions. The State also made a statement that the court had a sufficient basis to consider all required sentencing factors based on the record from the trial and the victim impact statements.[1] At the re-

---

[1] The record contains no victim impact statements.

sentencing hearing, the trial court made the following statement:

> All right. The Court has considered the overriding purposes and principles of sentencing. The overriding purposes of sentencing are to punish the Defendant and to protect the public from future crime by the Defendant and others.
>
> I've also considered the factors set forth in the Ohio Revised Code Section 2929.12 B, C, D, and E. I've considered the facts of the case, the circumstances of the case, the crime that was committed. I had the opportunity to sit through the trial and hear all of the testimony and all of the evidence.
>
> Based upon all of that, the Court in its discretion has determined that the appropriate sentence in this case is a four year sentence in the Ohio State Penitentiary, so that will be the order of the Court.

{¶ 4} The amended judgment entry of conviction contained the exact same statement made in the original entry of conviction, as follows:

> The Court considered the record, oral statements of counsel, the defendant's statement, the principles and purposes of sentencing under Ohio Revised Code Section 2929.11 and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

{¶ 5} Neither the transcript of the re-sentencing hearing, nor the judgment entry reflect that a PSI report was prepared or considered, or that any victim impact statements were prepared or considered. Neither a probation officer, the victim, nor a member of the victim's family made an oral statement or provided a written statement at the re-sentencing hearing. At the re-sentencing hearing, there was no discussion of any testimony from the trial that might have revealed the impact on the victim or the seriousness of the offense.

**II. The Record Fails to Demonstrate that the Trial Court Followed our Mandate**

{¶ 6} For his sole assignment of error, Morefield alleges as follows:

WHEN THE COURT RESENTENCED MR. MOREFIELD, THE COURT

ERRED WHEN IT DID NOT "STATE ITS CONSIDERATIONS EXPLICITLY

ON THE RECORD" AS DIRECTED BY THE SECOND DISTRICT COURT OF

APPEALS

{¶ 7} R.C. 2929.11 and R.C. 2929.12 sets forth specific factors a trial court must consider in its sentencing decisions. In the judgment entry and at the re-sentencing hearing, the trial court made no statements which explicitly identified which sentencing factors were applicable to Morefield. The court's statement that it considered the factors set forth in the statute does not explicitly identify which factors applied and which did not. Since appellate review of sentences is provided by R.C. 2953.08(G), a trial court is not endowed with unreviewable discretion to sentence within the statutory range. To exercise appellate review, we must be able to review the record to find what underlying facts were considered by the trial court relating to the applicable eight factors set forth in R.C. 2929.11, and the twenty-three factors set forth in R.C. 2929.12.

{¶ 8} We acknowledge that " '[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. 'However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12.'" *State v. Eicholtz*, 2d Dist. Clark No. 2012 CA 7, 2013-Ohio-302, ¶ 53. In the case before us, the record is insufficient for us to determine whether the trial court complied with the applicable rules and statutes.

{¶ 9} By way of example, we recently affirmed a sentence imposed in *State v. Terrel,* 2d Dist. Miami No. 2014-CA-24, 2015-Ohio-4201, after the trial court identified that in determining sentence, it considered the pre-sentence investigation, the statements made at the sentencing hearing by the defendant, defense counsel, prosecuting attorney, the victim impact statements read into the record and those submitted but not read into the record, and statements made in support of the defendant. *Id.* at ¶ 6. In the case before us, during the re-sentencing hearing, the trial court does not identify any of the statements made at the re-sentencing hearing, or any victim impact statements, or any testimony at trial that may have revealed the impact on the victim, as germane to its consideration. The trial court in *Terrel* also addressed the defendant directly and explained what facts led to the sentencing decision, including why the defendant's acceptance of responsibility and remorse did not outweigh the seriousness of the conduct. *Id.* at ¶ 7. In the case before us, the trial court did not provide Morefield with any explanation of what facts were relevant to the sentencing decision or how the facts were weighed in reaching a sentencing conclusion.

{¶ 10} Therefore, based on our conclusion that our mandate was not followed by the trial court, Morefield's assignment of error is sustained. Since the trial court failed to follow our mandate, we will exercise our authority under R.C. 2953.08(G)(2) to modify Morefield's sentence, based on the sentencing factors that were the subject of discussion by counsel at the re-sentencing hearing. As identified by defense counsel, Morefield had no prior criminal record, no prior juvenile delinquencies and no drug abuse. There is nothing in the record to support a conclusion that he is likely to commit further offenses, or that there is a heightened need to protect the public from the likelihood of further offenses. Since no victim impact statement was submitted or relied upon, based on the record before us, there is no basis to find that the victim suffered serious psychological or economic harm, although the facts reveal that the victim did not suffer any serious physical

harm. The record does not support any facts to conclude that Morefield's conduct was more serious than conduct normally constituting the offense, or that the offense was motivated by prejudice.

{¶ 11} In support of the seriousness of the offense, we recognize that the victim was a minor and a member of Morefield's family. Morefield's genuine remorse and expression of regret must be weighed against his attempt to offer mitigating circumstances that provided no reasonable grounds to excuse his criminal conduct. He offered no facts from which it could reasonably be found that the victim induced or provoked the offense.

{¶ 12} We conclude that a two-year sentence for Morefield's offense will achieve the two primary principles of sentencing set forth in R.C. 2929.11. Imprisonment is appropriate to punish Morefield for his criminal conduct, but a lengthier sentence is unnecessary to protect the public and would constitute an unnecessary burden on limited government resources. Two years of imprisonment is sufficient to deter Morefield from future misconduct, and does not demean the seriousness of the offense.

## III. Conclusion

{¶ 13} Morefield's sole assignment of error having been sustained, the judgment of the trial court is hereby modified to reflect a sentence of two years imprisonment, rather than the four year term of imprisonment previously imposed by the trial court. As modified, the judgment of the trial court is affirmed. The matter is remanded to the trial court with instructions to forthwith 1) file a revised judgment entry reflecting the modified sentence of two years of imprisonment; 2) take the appropriate steps to advise the Ohio Department of Rehabilitation and Correction of the modified sentence; and 3) it appearing that Defendant Morefield was admitted to prison on August

19, 2013 and thus has now served two years in prison on this conviction (according to the website maintained by the Ohio Department of Rehabilitation and Correction), take the appropriate steps to cause Morefield's release from prison, assuming that he is not subject to any detainers, hold orders, or other orders that would require his continued imprisonment or detainment. Counsel for the parties to this appeal shall advise this Court, in writing, within ten days of the date of this Court's Final Judgment Entry as to the status of this matter, including whether Defendant has, if appropriate, been released from prison.

. . . . . . . . . . . . .

DONOVAN, J., concurring:

{¶ 14} I write separately to emphasize the point that certainly the trial court *may* consider, pursuant to R.C. 2929.19, information relevant to sentencing presented by the prosecuting attorney. However, the information the State provides is only relevant if the record supports a factual basis for the information. I do not agree with the dissent that a trial judge's observation of the "demeanor" and "emotional condition" of a child during trial is the same thing as an evidentiary record which contains a statement from the child, the parent or expert that the child "suffered serious physical [or] psychological harm as a result of the offense." In other words, the State points to nothing in the record which supports their verbal assertions. Our job is to review the record; here the record is lacking.

. . . . . . . . . . . . .

WELBAUM, J., dissenting:

{¶ 15} I very respectfully dissent, and write separately to express my disagreement with

the approach taken here and in our original decision in *State v. Morefield*, 2014-Ohio-5170, 24 N.E.3d 633 (2d Dist.) ("*Morefield I*"). In these decisions, the majority has twice deviated from R.C. 2929.14 by holding that the trial court is required to further articulate the factors considered in sentencing the defendant. The mandate at issue here was contained in the prior appeal of the conviction in *Morefield I*.

{¶ 16} In *Morefield I*, the State made the following comments at the sentencing hearing:

> When looking at the factors, we believe that the mental injury caused to this victim was exasperated [sic] because of her young age, which she did suffer from serious psychological harm and the defendant's relationship in this matter facilitated the offense; and we believe that a prison term would be consistent with the purposes and principals [sic] set forth entered [sic] by 2929.11 and that this defendant is not at this time amenable to community control sanctions, Your Honor.
>
> When you look at this case and I can't speak for the victim in this matter other than to say that her life is obviously at this point never going to be the same. We had a trial here where obviously there was [sic] sides. We had a now thirteen-year-old victim who sat in this courtroom with some of her family while her mother and other parts of her family sat on the opposite side of the courtroom. Her life subject to the actions of this individual are never going to be the same for her.
>
> Her life, her family's life, everybody involved in this matter, life has now changed and will never be the same because of the hands of Mr. Morefield. We believe that prison in this matter is necessary and also appropriate. Thank you, Your Honor.

(Footnote omitted.)   *Id.* at ¶ 38.

{¶ 17} In *Morefield I*, a panel of our court noted that although the judgment entry recited that the purposes and principles of sentencing were considered, the prosecutor was the only one who had mentioned any sentencing factors.   *Id.* at ¶ 39.   In this regard, the prosecutor stated that: (1) "the child suffered 'mental injury' and 'serious psychological harm,' which was 'caused' by the defendant and was exacerbated because of her young age"; and (2) "[the victim's] life has changed forever and 'will never be the same because of the hands of Mr. Morefield.' "   *Id.*

{¶ 18} After making these observations, the panel in *Morefield I* discussed the import of the prosecutor's comments as they related to Morefield's sentencing, and stated that:

> All this may be true and, from a subjective point of view, we have no reason to doubt it.   Our concern is that nothing the prosecutor said was reflected in the record (and there was no pre-sentence investigation report). The law does not allow a trial court to take judicial notice of the effect of a particular act upon a particular individual, and assertions of fact in a prosecutor's argument, unsupported by the record, should not be considered in sentencing.

> When the record is silent, we presume that the trial court considered the statutory purposes, principles, and factors in the sense that an appellant always has the burden of showing that the court erred.   The only times we have reversed a sentence is when there is evidence in the record which contradicts the court's findings, conclusions, or both.   *See, e.g., State v. Nichols*, 195 Ohio App.3d 323, 2011-Ohio-4671, 959 N.E.2d 1082 [2d Dist.].

> Here, the only record is one in which the prosecutor makes statements that go directly to factors the trial court is required by statute to consider.   For example,

in determining whether an offender's conduct is more serious than normally constituting the offense, the trial court must consider whether "the physical or mental injury * * * was exacerbated because of the physical or mental condition or age of the victim." R.C. 2929.12(B)(1). Another consideration is whether "the victim * * * suffered serious physical [or] psychological * * * harm as a result of the offense."

We are, therefore, left with a negative-pregnant silent record, which is pregnant with the possibility that the court considered and accepted the prosecutor's conclusory allegations. We sustain Morefield's Fourth Assignment of error, and remand for the trial court to state its considerations explicitly on the record.

*Morefield I*, 2014-Ohio-5170, 24 N.E.3d 633, at ¶ 40-43.

{¶ 19} However, our analysis in *Morefield I* is flawed. In the first place, there was no indication in *Morefield I* that the trial court relied on the prosecutor's statement. Despite this fact, the panel expressed concern that the trial court may have relied upon the prosecutor's statements, which the panel considered improper judicial notice of the effect of the crime on an individual.

{¶ 20} The panel also issued the mandate for resentencing because it perceived that it was left with a "negative-pregnant silent record, which is pregnant with the possibility that the court considered and accepted the prosecutor's conclusory allegations." *Id*. at ¶ 43. While this statement is eloquent, it is, itself, filled with error, because trial courts are statutorily required to consider relevant statements of prosecuting attorneys.

{¶ 21} Specifically, R.C. 2929.19 governs what information courts may consider at sentencing hearings. In this regard, R.C. 2929.19(A) states that "[a]t the hearing, the offender, the prosecuting attorney, the victim or the victim's representative * * * and, with the approval of

the court, any other person may present information relevant to the imposition of sentence in the case." R.C. 2929.19(B)(1) further provides that before imposing sentence, the court "*shall* consider the record, any information presented at the hearing by any person pursuant to division (A) [which includes the prosecuting attorney], and if one was prepared, the presentence investigation report, * * * and any victim impact statement * * *." (Emphasis added.) In view of these statutory dictates, a prosecuting attorney's statements are matters of record that the trial court may rely upon.

{¶ 22} Furthermore, contrary to the implication in *Morefield I*, trial courts are not restricted to considering facts contained in a presentence investigation report (which ordinarily consists primarily of third party information), or a victim impact statement. Even in the absence of these sources, a sentencing court may rely on its own observations of demeanor and the victim's emotional condition, gleaned while presiding over the trial.

{¶ 23} Thus, *Morefield I*'s mandate is contrary to law because it requires more articulation than is dictated by the controlling statutes. It also requires more articulation than is demanded by pertinent case law. In this regard, our remand in *Morefield I* consists of the following language:

> We * * * remand for the trial court to state its considerations explicitly on the
>
> record.
>
> * * * [T]his cause is Remanded for re-sentencing in accordance with this opinion.

*Morefield I*, 2014-Ohio-5170, 24 N.E.3d 633, at ¶ 43-44.

{¶ 24} Notably, some prior versions of sentencing statutes required the type of articulation set forth in *Morefield I*. However, these versions of the sentencing statutes have been amended or repealed.

{¶ 25} For example, R.C. 2929.14(B) and (C) previously restricted "a court's discretion by

imposing fact-finding obligations upon judges before they impose more than the minimum or maximum prison terms." (Footnotes omitted.) *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 44.

{¶ 26} In *Foster*, the Supreme Court of Ohio similarly noted that "R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) require trial courts that impose consecutive sentences to make the statutorily enumerated findings and to give reasons at the sentencing hearing to support those findings for review on appeal." *Id.* at ¶ 66, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. *See also State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, in which the court noted that "former R.C. 2929.19(B)(2)(c) directed the sentencing court to 'make a finding that gives its reasons for selecting the sentence imposed' if it imposed consecutive sentences." *Id.* at ¶ 16, quoting Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, at 7486.

{¶ 27} In *Foster*, the Supreme Court of Ohio held that this type of judicial fact-finding violates the Sixth Amendment right to trial by jury. As a result, the court invalidated several provisions relating to felony sentencing. *Foster* at ¶ 82-83; *Bonnell* at ¶ 17.

{¶ 28} After *Foster* was decided, the United States Supreme Court held to the contrary in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). Specifically, the Supreme Court stated that trial judges can constitutionally make findings of fact. *Id.* at 164. Despite this holding, the Supreme Court of Ohio subsequently held that the sentencing provisions held unconstitutional in *Foster* would remain invalid unless the General Assembly enacted new legislation requiring judicial findings. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraphs two and three of the syllabus.

{¶ 29} Some of the statutory language severed in *Foster* was revived by H.B. 86, which was enacted in 2011. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 4. For

example, the enactment of H.B. 86 "created a statutory presumption in favor of concurrent sentences and further directed courts to make statutorily enumerated findings prior to imposing consecutive sentences, but it did not require courts to give reasons in support of its findings." *Id.* As a result, even under statutes that have been revived or reenacted, trial courts are not required to give reasons for their decisions.

{¶ 30} For example, in *Bonnell*, the court considered R.C. 2929.14(E)(4), pertaining to consecutive sentences, which was revived and renumbered as R.C. 2929.19(C). *Id.* at ¶ 22. The court observed that this reinstated judicial fact-finding to overcome the presumption in favor of concurrent sentences. *Id.* at ¶ 23.

{¶ 31} However, when the statute was reenacted, the legislature eliminated the requirement that trial courts give reasons for imposing consecutive sentences. *Id.* at ¶ 27. Thus, the trial court's duty was only to state the required statutory findings at the sentencing hearing and incorporate these findings into the judgment entry. *Id.* at ¶ 29. The court also stressed that " a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶ 32} In its decision, the majority opinion relies on the requirement that the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12. Majority Opinion, ¶ 8. The majority then concludes that the record is insufficient to determine whether the trial court complied with the applicable rules. *Id.*

{¶ 33} However, both before and after the *Foster* decision, R.C. 2929.11 has not required trial courts to give reasons or to make specific findings. Instead, R.C. 2929.11 has only discussed principles that must guide trial courts, like the purposes of felony sentencing, and matters the trial

court is supposed to consider, like deterrence and rehabilitation.   *Compare* S.B. 2, 1995 Ohio Laws 50, Part 3, with the current version of R.C. 2929.11.

{¶ 34} Similarly, R.C. 2929.12, both when enacted as part of S.B. 2 in 1995, and as currently constituted, has not required trial courts to make specific findings or give reasons for its decision.   Instead, the statute has only required that the court consider factors pertaining to the seriousness of the offender's conduct and the likelihood that the offender will commit future crimes.   *Compare* S.B. 2, 1995 Ohio Laws 50, Part 3, with the current version of R.C. 2929.12.

{¶ 35} Notably, trial courts are required to consider the factors set forth in R.C. 2929.12, but they are not required to articulate their "considerations explicitly on the record" as we stated in *Morefield I*, 2014-Ohio-5170, 24 N.E.3d 633, at ¶ 43.   In this regard, our district and the Supreme Court of Ohio have held that even a silent record raises the presumption that the trial court considered the factors contained in R.C. 2929.12.   *See State v. Adams,* 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus, holding that "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12."   *Accord State v. Carlton*, 2d Dist. Montgomery No. 26086, 2014-Ohio-3835 (noting that "we have held on more than one occasion that a trial court's consideration of the statutory sentencing factors may be presumed from a silent record.")   *Id.* at ¶ 18, citing *State v. Imber*, 2d Dist. Clark No. 11CA0063, 2012-Ohio-3720, ¶ 26; *State v. Neff*, 2d Dist. Clark No. 2012-CA-31, 2012-Ohio-6047, ¶ 5; and *State v. Gibson*, 2d Dist. Champaign No. 2012-CA-38, 2013-Ohio-2930, ¶ 35.   *See also* S*tate v. Thomas*, 2d Dist. Montgomery No. 26123, 2014-Ohio-5262, ¶ 22 (following *Carlton* and noting that "R.C. 2929.11 and R.C. 2929.12 do not require findings on the record * * *. ")

{¶ 36} All the other Ohio appellate districts also follow this approach.   *See, e.g.*, *State v. Thompson*, 1st Dist. Hamilton Nos. C-140746, C-140747, 2015-Ohio-2836, ¶ 9 (presuming "from

a silent record that the trial court did consider R.C. 2929.11 and 2929.12, unless [defendant] can affirmatively demonstrate otherwise"); *State v. Jackson*, 3d Dist. Allen No. 1-06-26, 2006-Ohio-5146, ¶ 5 (applying the *Adams* presumption); *State v. Mitchell*, 4th Dist. Meigs No. 13CA13, 2015-Ohio-1132, ¶ 17-20 (agreeing with the presumption outlined in *Adams*); *State v. Hannah,* 5th Dist. Richland No. 15-CA-1, 2015-Ohio-4438, ¶ 13 (noting *Adams* presumption); *State v. Smith*, 6th Dist. Sandusky No. S-14-037, 2015-Ohio-1867, ¶ 11 ("[w]here the record is silent, there is a presumption that the trial court gave proper consideration to R.C. 2929.11 and 2929.12"); *State v. Henry*, 7th Dist. Belmont No. 14 BE 40, 2015-Ohio-4145, ¶ 23 (noting that "[t]his court has returned to the rule that a silent record raises the rebuttable presumption that the sentencing court considered the proper statutory items within R.C. 2929.11 and R.C. 2929.12"); *State v. Lombardo*, 8th Dist. Cuyahoga No. 93390, 2010-Ohio-2099, ¶ 16, fn.3 (applying the presumption in *Adams*); *State v. Cobb*, 9th Dist. Medina No. 13CA0087-M, 2014-Ohio-3530, ¶ 12 (silent record raises presumption that trial court considered R.C. 2929.12 factors); *State v. Reed*, 10th Dist. Franklin No. 08AP-20, 2008-Ohio-6082, ¶ 64 (applying *Adams* presumption); *State v. Harold*, 11th Dist. Portage No. 2014-P-0012, 2015-Ohio-954, ¶ 55-59 (even if the record was silent * * *, "appellant did not meet his burden to rebut the presumption that the trial court considered the sentencing criteria in R.C. 2929.11 and R.C. 2929.12 in imposing appellant's sentence"); and *State v. Florence*, 12th Dist. Butler No. CA2013-08-148, 2014-Ohio-2337, ¶ 26 ("trial court is not required to state on the record its consideration of the necessary factors when the sentence imposed is within the statutory guidelines. * * * In the case of a silent record, ' "the presumption exists that the trial court considered the statutory criteria absent an affirmative showing by [d]efendant that it did not." ' ") (Citations omitted.)

{¶ 37} In the case before us, I conclude that the trial court fully complied with the law.

During the resentencing hearing, the court stated that it had considered the principles of felony sentencing, and had also considered the factors set forth in sub-sections (B) through (E) of R.C. 2929.12. Transcript of December 19, 2014 proceedings, p. 9. In this regard, the trial court stated that:

> All right. The Court has considered the overriding purposes and principles of sentencing. The overriding purposes of sentencing are to punish the Defendant and to protect the public from future crime by the Defendant and others.

> I've also considered the factors set forth in Ohio Revised Code Section 2929.12 B, C, D, and E. I've considered the facts of the case, the circumstances of the case, the crime that was committed. I had the opportunity to sit through the trial and hear all of the testimony and all of the evidence.

> Based upon all of that, the Court in its discretion has determined that the appropriate sentence in this case is a four year sentence in the Ohio State Penitentiary, so that will be the order of the Court.

*Id.*

{¶ 38} The trial court's judgment entry of resentencing also reflects that the court had considered both R.C. 2929.11 and R.C. 2929.12. Accordingly, the trial court complied with both the law and with the mandate of *Morefield I.*

{¶ 39} I also disagree with the majority's decision to substitute a two-year sentence for the four-year sentence that the trial court imposed. Having presided over the jury trial and sentencing, the trial court has a far superior vantage point for deciding appropriate sentences. Under these

circumstances, it is not prudent for us to substitute our judgment for that of the trial court. Accordingly, I would affirm the sentence imposed by the trial court.

{¶ 40} Finally, even though I disagree with our prior instruction to the trial court to state its considerations explicitly on the record, I understand that our mandate in *Morefield I* is the law of the case. *See, e.g.*, *Nolan v. Nolan*, 11 Ohio St.3d 1, 3-4, 462 N.E.2d 410 (1984). However, even if I agreed with our prior decision, I would still affirm the judgment of the trial court, because the court did state its sentencing considerations on the record after the case was remanded.

{¶ 41} For the above reasons, I very respectfully disagree with the judgment of the majority.

. . . . . . . . . . . . .

Copies mailed to:

Ryan A. Saunders
Adrian King
Hon. Douglas M. Rastatter
Ohio Department of Rehabilitation and Correction