[Cite as *State v. Ford*, 2019-Ohio-4001.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


STATE OF OHIO,                          :        **O P I N I O N**

        Plaintiff-Appellee,        :

    - vs -                                 :        **CASE NO. 2019-L-040**

KEITH L. FORD,                          :

        Defendant-Appellant.     :


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2018 CR 000724.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, Ohio 44077 (For Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1}　Appellant, Keith L. Ford, appeals his sentence following his guilty plea. We affirm.

{¶2}　Ford was one of several involved in an attempted robbery of a firearm store in Mentor, Ohio in July of 2016. Ford was sitting in the passenger seat of the getaway car when police arrived at the scene. The driver fled on foot, and Ford got behind the wheel while another suspect jumped in the car. Their vehicle was surrounded by three

police cars and one officer standing and blocking Ford's car. Ford accelerated nearly hitting that officer, who shot Ford in the head.

{¶3} Ford was eventually indicted on seven counts. He ultimately pleaded guilty to three counts, attempted grand theft of a firearm, a second-degree felony, felonious assault of a peace officer, a first-degree felony, and failure to comply with the order of a police officer, a fourth-degree felony. The remaining charges were dismissed.

{¶4} Ford was sentenced to five years in prison on the attempted grand theft of a firearm charge, ten years on the felonious assault charge, and twelve months on the failure to comply with the order of an officer charge, all consecutive.

{¶5} Ford raises one assignment of error challenging his sentence:

{¶6} "The trial court erred by sentencing the defendant-appellant to consecutive prison sentences totaling 15 years and 12 months, when that sentence was contrary to law."

{¶7} R.C. 2953.08(G)(2) sets forth our standard of review upon considering a challenge to a felony sentencing decision. It states:

{¶8} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶9} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

2

**{¶10}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶11}** "(b) That the sentence is otherwise contrary to law."

**{¶12}** "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" (Citation omitted.) *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22.

**{¶13}** Thus, we are authorized to "increase, reduce, or otherwise modify a sentence only when [we] clearly and convincingly find * * * that the sentence is (1) contrary to law and/or (2) unsupported by the record." *State v. McGowan,* 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, ¶ 1.

**{¶14}** Ford's assigned error consists of two arguments. First, he contends that his sentence is not supported by the record or the factors outlined in R.C. 2929.12. Second, Ford argues the trial court overlooked one of the overriding purposes in sentencing, i.e., rehabilitating the offender, in fashioning his sentence.

**{¶15}** In sentencing an offender for a felony, a trial court must consider the purposes of felony sentencing in R.C. 2929.11(A) and consider the statutory seriousness and recidivism factors in R.C. 2929.12. *State v. Morefield,* 2014-Ohio-5170, 24 N.E.3d 633, ¶ 35 (2d Dist.). A sentencing court does not have to use specific language and render precise findings to satisfactorily "consider" the relevant seriousness and recidivism

3

factors. *State v. Long,* 2014-Ohio-4416, 19 N.E.3d 981, ¶ 79 (11th Dist.). Instead, the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is "strikingly inconsistent" with applicable sentencing factors. *Id.; State v. Hull*, 2017-Ohio-157, 77 N.E.3d 484, ¶ 10-18 (11th Dist.), *appeal not allowed,* 149 Ohio St.3d 1465, 2017-Ohio-5699, 77 N.E.3d 988. Thus, we presume a trial court considered the statutory purposes, principles, and factors from a silent record. *State v. Morefield*, 2014-Ohio-5170, 24 N.E.3d 633, ¶ 41 (2d Dist.).

{¶16} R.C. 2929.11(A) states:

{¶17} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶18} R.C. 2929.12 sets forth factors to be considered when sentencing and states:

{¶19} "(B) The sentencing court *shall consider all of the following that apply* regarding the offender, the offense, or the victim, and any other relevant factors, *as*

4

*indicating that the offender's conduct is more serious than conduct normally constituting the offense*:

**{¶20}** "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

**{¶21}** "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

**{¶22}** "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

**{¶23}** "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

**{¶24}** "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

**{¶25}** "(6) The offender's relationship with the victim facilitated the offense.

**{¶26}** "(7) The offender committed the offense for hire or as a part of an organized criminal activity.

**{¶27}** "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

**{¶28}** "* * *

**{¶29}** "(C) The sentencing court *shall consider* all of the following that apply regarding the offender, the offense, or the victim, *and any other relevant factors, as*

*indicating that the offender's conduct is less serious than conduct normally constituting the offense*:

**{¶30}** "(1) The victim induced or facilitated the offense.

**{¶31}** "(2) In committing the offense, the offender acted under strong provocation.

**{¶32}** "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

**{¶33}** "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

**{¶34}** "(D) The sentencing court *shall consider* all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the *offender is likely to commit future crimes*:

**{¶35}** "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed * * *; was under post-release control * * * for an earlier offense or had been unfavorably terminated from post-release control for a prior offense * * *; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program * * *.

**{¶36}** "(2) The offender previously was adjudicated a delinquent child * * *, or the offender has a history of criminal convictions.

**{¶37}** "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * *, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

**{¶38}** "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

**{¶39}** "(5) The offender shows no genuine remorse for the offense.

**{¶40}** "(E) The sentencing court *shall consider* all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that *the offender is not likely to commit future crimes*:

**{¶41}** "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

**{¶42}** "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

**{¶43}** "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

**{¶44}** "(4) The offense was committed under circumstances not likely to recur.

**{¶45}** "(5) The offender shows genuine remorse for the offense." (Emphasis added.)

**{¶46}** Ford claims the "more serious" factors in R.C. 2929.12(B), the "less serious" factors in R.C. 2929.12(C), and the recidivism factors in R.C. 2929.12(E) support the imposition of a lesser sentence. In support, he claims there were virtually no factors under R.C. 2929.12(B) supporting that his conduct was more serious than conduct normally constituting the offense, except that the offenses were committed as part of an organized criminal activity. As supporting a lesser sentence and as factors showing his conduct was less serious than conduct normally constituting the offense, he points to his lack of

7

criminal and juvenile records before these offenses, as well as his need for treatment for alcohol and drug abuse. He also points out that no one was physically injured other than him and that his role was limited since he was an accomplice sitting in the car. Last, Ford contends the trial court erred in discounting his remorse as disingenuous.

{¶47} The trial court explained its consideration of the seriousness and recidivism factors at Ford's sentencing, stating in part:

{¶48} "I have considered all relevant factors including the seriousness and recidivism factors * * * [T]he court finds that the offenses are more serious because the victims suffered serious psychological harm. The business suffered significant economic harm. The offender acted as part of an organized criminal activity. The court finds no factors making the offense less serious, and the Court has considered whether the offender caused or expected to cause physical harm to persons or property. The Court discounts that. The Court discounts genuine remorse. In terms of recidivism, * * * there's one factor making recidivism more likely. Alcohol and drug abuse may be related to the offense, and the offender has refused to get treatment. * * * In terms of factors making recidivism less likely, the Defendant has no prior delinquency adjudications, nor any prior criminal convictions, and has lead a law abiding life. * * * [T]he court would not override the presumption in favor of prison. Some crimes are just so heinous you only get to make that mistake once in your life. The Defendant's conduct – he had so many chances to call an end to this. When he heard them breaking in [to the gun store,] he could have just walked away. When the car was abandoned, he didn't have to get into the driver's seat. When the car was motionless, he didn't have to drive it. When he drove it, he didn't have to turn the wheel to the right in the direction of the officer. * * * These were more than a

8

series of bad decisions, these were a series of criminal decisions. He knew exactly what he and the others were doing, and he didn't stop given the chances."

{¶49} Ford has failed to show that the sentence imposed is strikingly inconsistent with the applicable sentencing factors. The trial court discredited Ford's stated remorse and his contention that he was not an active participant. Further, we defer to the trial court's determination as to witness credibility because it is in the best position to make that determination. *State v. Dudley*, 11th Dist. Lake No. 2009-L-019, 2009-Ohio-5064, ¶ 22. Moreover, the victim impact statements show that two officers suffered lasting psychological damage from Ford's conduct that night.

{¶50} And as for Ford's argument that the trial court failed to consider the additional purpose of sentencing of rehabilitating the offender, a sentencing court does not have to explicitly state that it considered the relevant factors and purposes of sentencing. *State v. Long, supra*. Notwithstanding, the trial court noted that it considered the factors and purposes here.

{¶51} Based on the foregoing, the trial court's findings are supported by the record, and Ford's sole assignment of error lacks merit. The trial court's decision is affirmed.

MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

9