[Cite as *State v. Bilicic*, 2020-Ohio-982.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-A-0047** |
| JESSE J. BILICIC, II, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00626.

Judgment: Affirmed.

*Cecelia M. Cooper,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*James D. Ingalls,* 55 Public Square, 21st Floor, Cleveland, OH 44113 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jesse J. Bilicic, appeals from the judgment of the Ashtabula County Court of Common Pleas, resentencing him to a total term of six years imprisonment. Appellant challenges the trial court's imposition of the maximum, consecutive prison term. We affirm.

{¶2} Appellant was originally charged in a seven-count indictment; to wit: Count One, rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree; Counts Two

and Three, sexual battery, in violation of R.C. 2907.03(A)(2), felonies of the third degree; Count Four, unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A)(B)(3), a felony of the third degree; Counts Five and Six, corrupting another with drugs, in violation of R.C. 2925.02(A)(4)(a)(C)(3), a felony of the fourth degree; and Count Seven, sexual imposition, in violation of R.C. 2907.06(A)(4), a misdemeanor of the third degree. Appellant entered a plea of not guilty to the charges.

{¶3} On July 5, 2017, the state dismissed the indictment and filed a bill of information, charging appellant with two counts of endangering children, a violation of R.C. 2919.22(A)(E)(2)(c), felonies of the third degree. Appellant subsequently entered a plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). After conducting a hearing on the plea, the trial court accepted appellant's plea and found him guilty. Following a sentencing hearing, the court ordered appellant to serve 36-months imprisonment on each count, for a total of six years in prison. Appellant appealed and, in *State v. Bilicic*, 11th Dist. Ashtabula No. 2017-A-0066, 2018-Ohio-5377, this court affirmed the trial court in part, reversed in part, and remanded the matter for the limited purpose of a de novo resentencing hearing. After holding a resentencing hearing, the trial court again imposed a 36-month term for each count and ordered the terms to run consecutively for a total of six years. Appellant appeals assigning the following error:

{¶4} "The trial court abused its discretion when it sentenced defendant Bilicic to maximum, consecutive sentences."

{¶5} We first point out that appellant cites *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912 for the governing standard of review in felony-sentencing cases. The

2

standard set forth in *Kalish* was abrogated by the Ohio Supreme Court in *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, which, inter alia, eliminated the abuse of discretion prong of the *Kalish* standard.

{¶6} With this in mind, appellant concedes the trial court corrected the sentencing error identified in *Bilicic I,* when it resentenced appellant to consecutive terms of imprisonment. As such, we need not specifically address the trial court's compliance with R.C. 2929.14(C)(4). Appellant essentially argues the trial court erred in selecting the maximum, consecutive sentences because it failed to adequately consider the seriousness and recidivism relevant to this case.

{¶7} Recently, in *State v. Gwynne,* ___ Ohio St.3d ___, 2019-Ohio-4761, the Supreme Court of Ohio observed R.C. 2929.11 and R.C. 2929.12 apply to the review of the duration of individual sentences. *Gwynne, supra,* at ¶17-18. R.C. 2929.11 addresses the purposes and principles of felony sentencing and R.C. 2929.12 sets forth "seriousness" and "recidivism" factors. A sentencing court is not required to use specific language and render precise findings to satisfactorily "consider" the relevant seriousness and recidivism factors. *State v. Long,* 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, ¶79. Instead, the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is "strikingly inconsistent" with applicable sentencing factors. *Id.* Thus, we presume a trial court considered the statutory purposes, principles, and factors from a silent record. *State v. Morefield,* 2d Dist. Clark No. 2013-CA-71, 2014-Ohio-5170, ¶41.

{¶8} In *Marcum, supra,* the Supreme Court stated:

{¶9} We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully

3

consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *Marcum, supra*, at ¶23.

{¶10} With this standard in mind, appellant first notes only two of the seriousness factors apply; namely, that his criminal acts caused psychological harm to his minor victims and that his relationship facilitated the offenses, i.e., he was living with the victims and their mother. See R.C. 2929.12(B)(2) and (6). He additionally contends that his crimes were "less serious" because, he maintains, he did not cause or expect to cause physical harm to the minor victims. See R.C. 2929.12(C)(3). Next, he recognizes, with no apparent disagreement, the court found recidivism would be more likely due to his criminal history and his pattern of drug and alcohol abuse. Appellant counters, however, that the presentence investigation report found his likelihood to recidivate "low." And, according to a "Sexual Behavior Evaluation" report submitted to the court on appellant's behalf, "the risk [of] recidivism for [appellant] would be seen at a low end and had he not committed a sexual offense at all, he would be at a 0% risk of reoffending." Given these points, appellant maintains the trial court erred when it imposed the maximum of 36 months for each offense. We do not agree.

{¶11} At the sentencing hearing, the trial court stated:

{¶12} I've obviously looked at all the documents. The Court of Appeals has looked at the documents. We've all looked at the documents again. [Defense counsel], on behalf of our client, you cited 2929.12(B)(2) and (6). (B)(2) says the victim of the offenses suffered serious physical, psychological or economic harm. I would agree with the Court of Appeals that there is psychological harm. If you're given drugs as a child and then forced to perform oral sex, *

4

* * then I don't think it's unreasonable to believe they suffered harm after being sexually assaulted. And his relationship with the victim[s] facilitated the offense.

{¶13} Under 2929.12(C), I don't find that there are any of those grounds that apply. And I don't know how you can give a child drugs and then have sex with them and not expect to cause any harm to them. And he did plead guilty. You're claiming that's under 2929.12(D) he's not required to show remorse because it's an *Alford* plea. I am not aware of any case law that says that's true.

{¶14} You - - in reviewing the Presentence Investigation and in looking at his treatment, he does have a history of substance abuse and then got two juveniles to use drugs. And, of course, he does have some prior, although misdemeanor, convictions.

{¶15} Because this was two victims in the same household, and I agree with [the prosecutor], I would find that if he's out of prison and he has access to drugs and juveniles, recidivism would be likely.

{¶16} Looking at the seriousness factors, the court finds that the more serious factors do override the less serious factors. There is absolutely no recommendation for community control. A term of community control would demean the seriousness of these offenses and would not adequately protect the public from future crimes.

{¶17} The trial court considered and addressed the statutory factors raised by defense counsel and its considerations were consistent and supported by the record. Of particular import in this matter was its discussion of the applicable R.C. 2929.12(B) seriousness factors. R.C. 2929.12(B) provides a list of non-exhaustive factors a court must consider that would indicate "*the offender's conduct is more serious than conduct normally constituting the offense.*" (Emphasis added.) The court stressed the victims suffered serious psychological harm from appellant's actions and his relationship with the victims facilitated the offense. The court also highlighted the facts of the offense; namely, appellant provided the minor victims with drugs and compelled oral sex from them. In light of the facts and circumstances, there is nothing to support appellant's

5

claim that the sentencing order is clearly and convincingly contrary to the record. *Marcum*, *supra.* To the contrary, the record fundamentally supports the trial court's sentencing order. The court clearly complied with the statutory mandates of R.C. 2929.11 and R.C. 2929.12. We therefore conclude the trial court did not err in the imposition of a maximum 36-month term of imprisonment on each count of child endangering.

{¶18} Appellant's assignment of error lacks merit.

{¶19} The judgment of the Ashtabula Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.